JUDGE HINES
delivered the opinion oe the court.
On the 25th of January, 1861, Wm. R. Grigsby instituted suit against appellees in the Meade Circuit Court to recover the sum of $100 for services, as an attorney, alleged to have been performed for appellees. The petition alleged that appellees were non-residents of Kentucky, the .owners of a certain tract of land in Meade County, and asked for an attachment to be levied on the land and for a sale of a sufficient amount thereof to pay his debt. A warning-order was made, but no attachment was ever issued or served on the land. The court on April 24, 1861, decreed the sale, and Wm. A. Hill became the purchaser of the tract of land of about six hundred acres for $138.78, the amount of the debt, interest, and costs. In 1863 a deed was made by order of court to Wm. A. Hill. Hill subsequently sold five hundred acres of the land to Haynes, and Haynes sold to John C. Walker, and put him in possession.
On the 4th day of November, 1867, more than five years after the decree of sale in the case of Grigsby against appellees, they brought this suit in the Meade Circuit Court against Wm. A. Hill, Wm. R. Grigsby, and John C. Walker to recover the land. Appellees, having compromised with *332 Hill, obtained judgment against Walker for tbe five hundred acres of land held by him, and for their costs, but the court adjudged that Walker be substituted to the claim of Grigsby against the appellees, and that so much of this land as might be necessary should be sold to pay that amount. From the judgment against Walker he and Grigsby appeal, and from so much of the judgment as is rendered against appellees in favor of Walker they pray a cross-appeal.
The principal question presented is, is the judgment rendered in favor of Grisby against appellees and under which Hill purchased void or only voidable ? The position assumed by appellees is that the judgment is void for want of jurisdiction in the court rendering it. If the court had jurisdiction of the persons and of the subject-matter, the judgment can not be assailed collaterally, no matter how irregular the proceedings may have been, but if there was no such jurisdiction the judgment is a nullity and must be entirely disregarded. Section 449 of the Civil Code of 1854 reads:
“No lien on the property of a defendant constructively summoned shall be created otherwise than by an attachment . . . or by judgment.”
Section 450 provides:
“ No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this state, . • . . and who has not appeared in the action.”
Section 221 authorizes an attachment, in an action to recover money, against the property of a non-resident.
It appears from these sections that there can be no personal judgment against one constructively summoned and who has not appeared in the action, and that there can be no lien on the property of one thus summoned except it be created by attachment or by judgment. An attachment is expressly authorized for the security of the claim sued for, and a personal judgment expressly inhibited.
*333 But for the words “ or by judgment,” contained in the 449th section of the Code, no question could have arisen as to the power to render a judgment binding the property of a non-resident constructively summoned, and who does not appear in the action, otherwise than by the method prescribed in section 221, or by proceedings to enforce a lien for purchase-money or a lien secured by mortgage. It is insisted that these words enlarge the field of operation and permit the property of a non-resident to be subjected by reference in the petition to its existence within the jurisdiction and by a prayer for sale for that purpose. To this construction we are, for many reasons, not inclined to yield. The proceeding by attachment is a method expressly provided in the Code while the manner of proceeding insisted upon here has no warrant except by doubtful construction from the' use of the words mentioned.
All proceedings to subject the property of non-residents not actually served, and who do not appear to the action, are in derogation of the common law, and nothing is to be presumed in favor of the jurisdiction. When the statute provides a method by which the property may be reached it is not only to be strictly followed, but it must be followed to the exclusion of any other method not also clearly provided. Before an attachment can be issued the plaintiff is required to give, as an indemnity to the defendant, bond in double the amount of the debt, and when this is done no mere irregularity in the proceedings, which would authorize a reversal of judgment of sale, can affect the title of the purchaser.
If the proceeding might be had, as in this instance, without bond or attachment, the defendant might appear and open the judgment, and conclusively show that he was not indebted to the plaintiff in any sum whatever; that the pretended claim was without foundation in fact, and although the plaintiff may be insolvent, yet the title of the purchaser under the decree would be good, and the plaintiff without remedy. We *334 can not believe that the legislature intended to offer such facilities for fraud and to sanction such injustice. In support of this view we have the sanction of this court in Peters, guardian v. Conway, 4 Bush, hereafter cited, and of the legislature that adopted the Code of 1877, containing the same provisions, on this point, as the Code of 1854, thereby approving the construction given in the Peters-Conway case.
Mr. Justice Miller, in Cooper v. Reynolds, 10 Wallace, 319, speaking of similar provisions in the Code of Tennessee, says:
“Now, in this class of eases, on what does the jurisdiction of the court depend? It seems to us that the seizure of the property, or that which, in this case, is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely in rem. Without this the court can proceed no further; with it the court can proceed to subject that property to the demand of the plaintiff. If the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and if it is by the proper officer levied upon property liable to the attachment, when such writ is returned into court, the power of the court over the res is established.”
This court, in Peters, guardian, &c. v. Conway, 4 Bush, 565, in construing these sections of the Code, held that the right to subject the property of a non-resident depended upon whether there had been an attachment properly issued, levied, and returned.
In Brownfield v. Dyer, 7 Bush, 507, we have held that “ In all proceedings upon constructive service the provisions of the Code, regulating the same, must be literally followed. Nothing short of a substantial compliance with every prerequisite will give the court jurisdiction of the property sought to be subjected to the payment of the plaintiff’s claim.”
We think it clear that neither the Code nor the analogies of the law will permit the property of a non-resident, con *335 structively summoned, to be taken- for the satisfaction of a claim, when there is no actual seizure of the property and no lien asserted. In this instance there is nothing more than a general description of the land in the petition, and for more specific description reference is made to a deed said to be filed in the case.
Neither the person nor the property of one not within the limits of the sovereignty can be affected or in any way bound except in strict conformity to the law of such sovereignty made in reference to and for the purpose of conferring such jurisdiction.
Appellants insist that appellees have not shown title in themselves, and ought not, for that reason, to recover the land. This position is certainly not tenable in the light of the facts as presented in the record. Walker has no color of title to any part of the land. He claims through Hill, who claimed title from appellees through his purchase at decretal sale, in the suit of Grigsby against appellees. Besides, there is sufficient evidence in the record to justify the court in finding that, as against appellants, the title of appellees is good. It might not be inappropriate to say that appellant Walker is scarcely in an attitude, for another reason, to assert title in himself. He appears to have been the attorney for Grigsby in his suit against appellees, and to have sworn to the petition, which alleges that the title to the land was in appellees.' This may not operate as an estoppel, but it is certainly a strong circumstance, going to show that appellees were the owners of the land in controversy.
If, as we conclude, the judgment for the sale of the land was a nullity for want of jurisdiction, neither Grigsby nor Walker take any thing under it, and therefore the judgment of the court, directing appellees to pay to Walker the money which is claimed to be due from appellees to Grigsby, and giving a lien upon the land to enforce its payment, is clearly *336 erroneous. Grigsby’s claim, whatever.it may be, occupies the position of never having been litigated or brought to judgment. The first proceedings for his judgment being void, there was nothing in the pleadings in the case, now being considered, to authorize a judgment for any sum of money in favor of Grigsby or Walker against the appellees.
We perceive no reversible error in the judgment for costs against appellant Walker. He was a joint defendant with Hill, occupied and claimed the land in controversy, and in the main appears to have been the principal cause of the accumulation of costs, as Hill abandoned his claim and paid appellees for the land held by him.
Wherefore the judgment is affirmed on the appeal of Walker and Grigsby, and reversed on the cross-appeal of appellees, and cause remanded with directions for further proceedings in conformity with this opinion.
Judge Copee not sitting in this case.