# Bogner v. Kendle et al.
# Tiemeyer v. Kendle et al.

January 21, 1949.

Barbour & Bassmann for appellants.

Benton, Benton & Luedke for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

At about five o'clock on the morning of January 4, 1945, appellees' taxicab was involved in an accident with an automobile occupied by the two appellants. The latter suffered serious personal injuries. A jury returned a verdict for appellees on the ground the driver of the taxicab "was *not* the servant, agent, or employee of said defendants at the time and place of the accident." The only issue on this appeal involves the question of agency. Appellants' principal contention is that the verdict was not sustained by sufficient evidence and was contrary to law.

The taxicab was owned by appellees as partners and used in their transportation business. The driver on this occasion was a man by the name of Seibert, a mechanic who operated his own shop and did repair work for appellees. On the evening preceding the accident, one of the appellees requested him by telephone to come down to the taxicab office and do some electrical work. He was authorized to use the taxicab, then at his shop, to transport himself to the office. Seibert came as requested, and worked at the office until about 11:30. The appellee who had called him left at 11:00, and says he told Seibert to take the cab "back to the shop, or return to his home." (The latter was above the shop.)

Seibert did not return to his home after finishing his work at the office, but took the taxi and drove about the streets of Newport. About 4:00 a. m. the next morning he brought the cab back and parked it opposite the office, but not at the taxicab stand. He remained in the vicinity about fifteen minutes, but testified he did not go into the office or talk to the dispatcher there.

Seibert, after his short stay in the vicinity of the office, saw a couple looking for a taxicab, one of whom was a friend of his. He transported them to a restaurant, and there picked up another passenger who he says

he agreed to take home as a favor. It was on the trip with this last passenger that the accident occurred.

One of the appellees and Seibert both testified positively that he was not employed as a taxicab driver at the time involved, nor had he been so employed for several years. The latter stated he was not making any charge for transporting those he had picked up, although there is some suggestion he might have been operating the vehicle for hire during that night.

Appellants argue that in view of the ownership of the vehicle, the presumption is that Seibert was acting as the agent for appellees at the time of the accident, and this presumption was not overcome by *clear, convincing, and unimpeachable evidence.* They rely upon Ashland Coca Cola Bottling Co. et al. v. Ellison et al., 252 Ky. 172, 66 S. W. 2d 52. Apparently appellants misconstrue the import of the decision in that case. It was there held that to overcome the presumption of agency *as a matter of law, so as to entitle the defendant to a peremptory instruction,* the evidence must be of the above character. We do not have before us such question, as the issue was submitted to a jury.

It is indisputable appellants made out a prima facie case of agency. This shifted to appellees the burden of going forward with the evidence to overcome such presumption. Any evidence of substance was sufficient to develop a jury question. The direct testimony of the taxicab owner and the driver was clearly adequate proof to create an issue of fact. It thereupon became a question for the jury's determination whether or not the positive evidence should be given more weight than the inference in apellant's favor. The verdict was not contrary to the evidence nor was it contrary to law.

Appellants further contend the trial Court erred in placing on them the burden of proof with respect to the question of agency. Their position is that since they made out a prima facie case, such burden shifted to appellees. This theory cannot be supported. The burden of establishing agency is on the one asserting its existence. Chevrolet Motor Co. v. Pieper's Trustee, 280 Ky. 276, 132 S. W. 2d 926. It does not shift. After appellants made out a prima facie case, the *duty of going forward with the evidence* rested on appellees. When

they presented evidence on this question, an issue of fact was created, but the ultimate burden of establishing this fact to the satisfaction of the jury always remained on appellants. See Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S. W. 2d 379.

Appellants next contend that where an owner of an automobile creates an unreasonable risk of injury, he is responsible. It is insisted KRS 281.300 prohibits the operation of a motor vehicle for hire by a driver who has not obtained a proper license from the Division of Motor Transportation, and that Seibert had no such license. Without going into the question of whether or not the statute was designed solely for the protection of *passengers* in such vehicles, we think it obvious the statute does not relate to casual operations of the motor vehicle for purposes other than the transportation of persons for hire. Appellees had not authorized Seibert to operate this taxicab for a commercial purpose, nor was he operating it for any purpose at the time of the accident with their knowledge, permission or consent. Therefore it cannot be said that appellees, negligently or otherwise, created an unreasonable risk of injury to appellants.

The issues in the case were properly submitted to the jury, and we find no error in the record.

The judgment is affirmed.