**Elizabeth Slight HERRICK et al.,
Appellants,**

**v.**

**Spencer WILLS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 2, 1959.

As Extended on Denial of Rehearing
March 25, 1960.

Philip Hargett, Maysville, for appellants.

D. Bernard Coughlin, John H. Clarke, Jr., Maysville, for appellees.

CLAY, Commissioner.

In this action to sell real estate devised under the will of Mary Scott Brooks, it was alleged in the complaint that defendant appellants had forfeited their remainder interests by bringing an earlier suit to contest the will. The will contained a "no contest" clause. The trial court adjudged a forfeiture.

■ A will contest had been instituted over ten years ago, and as shown by the record of that suit, the present defendants were named as party plaintiffs. By pleading in this action, defendants denied that anyone was authorized to bring the contest suit in their names, and there is no evidence they personally appeared in that proceeding. The issue in the present controversy is whether or not a reputable attorney, Andrew V. Fox, who undertook to represent defendants in the contest suit, had authority to do so. The burden of establishing his agency was upon appellees. Bogner v. Kendle, 309 Ky. 221, 217 S.W.2d 211. However, any evidence tending to establish agency, direct or indirect, including circumstantial evidence, was competent. Crump v. Sabath, 261 Ky. 652, 88 S.W.2d 665; Hayes v. Berea College, 281 Ky. 492, 136 S.W.2d 563.

■ The record of the former suit, plus the testimony of Mr. Fox, was amply sufficient to make a prima facie case for appellees, and the burden was shifted to defendants to establish that in spite of their being named parties in the contest suit, that proceeding was prosecuted without their authority. They failed to introduce any direct evidence denying this authority. Defendants proposed to take "interrogatories" (apparently addressed to the issue), which the trial court prohibited them from doing. On this appeal they do not question that ruling of the trial court, which appears to have been based on appellees' theory that the contest suit was res

judicata as to whether or not it was properly brought in defendants' names.

On the record before us there was sufficient evidence to establish that defendants had forfeited their interests under Mary Brooks' will.

The motion for appeal is denied and the judgment stands affirmed.

On petition for rehearing appellants, for the first time, raise certain procedural questions and undertake to attack rulings of the Court pertaining to the pleadings and the taking of interrogatories. This argument presents a new ground for reversal of the judgment not raised in appellants' original briefs.

The function and scope of a petition for rehearing is set forth in RCA 1.350. Section (b) of that Rule specifically provides that a petition for rehearing "shall be limited to a consideration of the issues argued on the appeal * * *."

■ It is incumbent upon the appellant to present to this Court before submission all of his grounds for reversal. Questions decided by the trial court, but not argued in the briefs, will not be considered by the Court of Appeals. Craft v. Hall, Ky., 275 S.W.2d 410. Those to be raised on appeal should be identified separately, and that is one reason why the Points and Authorities required by RCA 1.210 are important. See James v. Holt, Ky., 244 S.W. 2d 159.

■ Errors not called to the attention of the appellate court prior to the time a decision is rendered may be deemed waived. Except for most extraordinary cause, we will not consider an issue on appeal raised for the first time in a petition for rehearing. This rule was followed long before the promulgation of RCA 1.350. See Grigsby v. Barr, 14 Bush 330, 336, 77 Ky. 330, 336.

For the foregoing reason, the petition for rehearing is overruled.