TAXPAYER'S ACTION GROUP OF MADISON COUNTY, Mona Bicknell, and Leonora Whicker, Appellants,

v.

MADISON COUNTY BOARD OF ELECTIONS, Richmond Independent Board of Education, South Central Bell Telephone Company, Richmond Water, Gas and Sewage Works, Kentucky Utilities, and Western Union Telegraph Company, Appellees.

Court of Appeals of Kentucky.

June 17, 1983.

Leroy W. Rowland, Lexington, for appellants.

John Coy, W. Joseph Joiner, Allison Lobb Milby, Paul Fagan, William G. Clouse, Madison County Atty., Richmond, Creighton Mershon, Malcomb Y. Marshall, Louisville, Edward F. Prichard, Jr., W. Patrick Stallard, Phillip J. Shepherd, Prichard, Stallard & Shepherd, Frankfort, for appellees.

Before HOWERTON, McDONALD and WHITE, JJ.

HOWERTON, Judge.

The Taxpayer's Action Group of Madison County was held to be a nonentity, with no right to sue or be sued. It is no longer a party in this case. Bicknell and Whicker appeal from a judgment of the Madison Circuit Court dismissing their action against the appellees. The trial court held that they had no right of appeal from the Board of Elections in this situation. We affirm.

The Richmond Independent Board of Education levied a utility gross receipts tax on residents of the school district on February 19, 1981. The appellants circulated a petition pursuant to KRS 160.597 seeking to have the tax question placed on the ballot in the next election. The statute required that the petition be submitted to the County Board of Elections within 30 days from the date of the resolution. The appellants filed the petition on Monday, March 23, 1981, 32 days after the tax was levied. The Board rejected the petition because it was not filed within the 30-day period.

On May 6, the Taxpayer's Action Group sued the Board of Elections. The Circuit Court ruled against the Action Group but allowed Bicknell and Whicker to be substituted as parties. The complaint requested the court to direct the Board of Elections to certify the signatures on the petition and to allow the question to be placed on the ballot. The complaint alleged that the Board's failure to accept the petition as untimely was erroneous. The complaint made no allegation of a constitutional violation, nor did it plead that the remedies at law were inadequate or that irreparable harm would occur in the absence of judicial intervention.

The appellants argue that the trial court erred in dismissing the action for three reasons.

1. The decision of the Madison County Board of Elections was arbitrary, erroneous, and beyond the scope of its statutory powers.

2. The lower court's dismissal of this action violates appellants' rights guaranteed under the United States and Kentucky Constitutions.

3. The lower court abused its discretionary powers under KRS 23A.010(4) by dismissing this action.

KRS 446.030(1)(a) provides in part, "The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, ... in which event the period runs until the end of the next day which is not one of the days just mentioned." It is clear that the Board of Elections erroneously refused to consider the petition. Monday, March 23, would have been the last day to file the petition. The appellants' remedy, however, was to reapply to the Board of Elections rather than to file an action in court. KRS 160.597 requires the Board to permit petitioners to correct any deficiencies, "for good cause shown" following notification by the Board to the petitioners of any deficiencies. The appellants should have pointed out the error to the Board. Failure to raise an issue before an administrative board precludes a litigant from as-

serting that issue in an action for judicial review of the agency's action. *Cumberland Valley Rural Electric Coop. Corp. v. Public Service Comm.*, Ky., 433 S.W.2d 103 (1968).

 Appellants' failure to raise their constitutional claim in the trial court bars them from asserting a due process claim on this appeal. It is a firmly established appellate principle that a trial court must first be given the opportunity to rule on a question for which review is sought. *Pittsburg and Midway Coal Mining Co. v. Rushing*, Ky., 456 S.W.2d 816 (1969).

The decision of the Board of Elections complied with its statutory requirements, even though it was clearly erroneous. Even though the Board's decision may have been wrong, it was not necessarily unconstitutional. When it served the notice of rejection on the appellants, it did all it was required to do.

The appellants were not denied due process, because they never requested any reconsideration by the Board. The final action of the Board can hardly be labeled "arbitrary" for failure to take notice of an argument which was never presented to it for its consideration.

The appellants have no inherent right to an appeal in the absence of any allegation of a violation of constitutional rights. They rely on *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm.*, Ky., 379 S.W.2d 450 (1964), for the proposition that courts will assume jurisdiction for review of arbitrary administrative action even in the absence of statutory authorization for an appeal. *American Beauty Homes* is not exactly applicable in this case, because it does not relieve the litigants of the obligation to plead the violation of a specific constitutional right in order to invoke the jurisdiction of the courts. Furthermore, we have already pointed out that the action was not "arbitrary" under the peculiar facts of this case nor is it apparent that the parties have been denied due process of law. They simply did not avail themselves of their opportunities.

KRS 23A.010(4) permits a circuit court to review the actions or decisions of administrative agencies, special districts or boards. Such reviews are not appeals but are original actions. The review which this statute provides is discretionary. The trial court interpreted the statute to mean that not every administrative ruling is subject to attack in the courts. In light of our previous decisions in this case, we cannot say that the trial judge abused his discretion in denying a review.

The judgment of the Madison Circuit Court is affirmed.

All concur.