James N. HEATON, Appellant,

v.

DEPARTMENT OF MILITARY AFFAIRS, Commonwealth of Kentucky, the Kentucky Personnel Board, Appellees.

Court of Appeals of Kentucky.

Aug. 31, 1984.

Case Ordered Published By Court of Appeals Oct. 19, 1984.

Rehearing Denied Nov. 16, 1984.

Discretionary Review Denied Feb. 21, 1985.

Edwin A. Logan, Logan & Gaines, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for appellee, Department of Military Affairs.

A. James Higgs, Frankfort, for appellee, The Kentucky Personnel Bd.

Before HAYES, C.J., and COMBS and WHITE, JJ.

WHITE, Judge.

This appeal arises from the Franklin Circuit Court which approved the action of the Kentucky Personnel Board in sustaining the layoff of appellant James N. Heaton by the Department of Military Affairs. At issue is whether the Board's Order was procedurally marred. We hold that it was.

A "layoff plan" was submitted to the Department of Personnel on January 16, 1981. Three days later Mr. Heaton received written notification from Billy Wellman, Adjutant General, that a consolidation of duties resulting from an internal reorganization would leave no work to be assigned Mr. Heaton's position and that it was to be abolished. His layoff was to be effective in two weeks.

As a merit system employee, appellant exercised his right of appeal to the Personnel Board which held in favor of the Department. A subsequent hearing was held on the applicability of KRS 12.060(2). The results of the first hearing included the determination that said statute did not apply. This was reiterated by the second which concluded that "[c]ompliance or noncompliance with KRS 12.060 is irrelevant concerning the validity of a layoff plan and/or the layoff of an individual employee."

KRS 12.060(2) states:

The head of any department, with the approval of the secretary of the execu-

tive department for finance and administration, may abolish unnecessary offices and positions, transfer officers and employes between positions, and change the duties, titles and compensation of existing offices and positions, subject to any provision of law in relation thereto.

At the hearing it was urged that it was standard practice of the Department of Military Affairs to send a copy of its layoff plans to the Department of Personnel; if nothing was heard to the contrary from it, the plan was deemed approved.

■ This would appear to be an effective procedure; however, it does *not* comport with the terms of the statute. Testimony was heard that the Department of Personnel some decades ago was included in that of Finance, which explains the statutory requirement of notice and approval by it. We nevertheless must observe that when Personnel was separated from Finance, no amendment recognizing this was made to KRS 12.060(2). Consequently the law remained, and does remain, that the Secretary of Finance approve certain departmental actions. Notice to the detached Department of Personnel does not comply.

Also at the hearing was presented the argument that even were KRS 12.060(2) not met, such did not matter inasmuch as the statute did not apply to layoffs. It was then asserted that the "retirement" of Mr. Heaton was proper because 101 KAR 1:120 § 2(2) was met. That section reads as follows:

> Seniority, performance appraisals, conduct, qualifications and type of appointment shall be considered in determining the order of layoffs in a manner prescribed or approved by the Commissioner. No status employee is to be separated by layoff while there are provisional, temporary, emergency, or probationary employees serving in the agency in the same class in the same locality.

Mr. Wellman testified that the considerations of this regulation were reviewed prior to Mr. Heaton's dismissal. Specifically, he added that there were no others in appellant's position with whom he could be compared.

■ We do not deem, however, this to be a layoff in the traditional use of the word, *e.g.* budgetary cutbacks. It is clear from all the relevant testimony that the "layoff plan" embraced the very factors enumerated in KRS 12.060(2), *i.e.* a change of duties of existing position and the abolition of an unnecessary office.

■ Appellee argues that Mr. Heaton was not laid off because his position was abolished but rather his position was abolished because he was laid off for lack of work. Under the facts herein, this is a distinction without a difference. Military Affairs reorganized itself. In the process Mr. Heaton's position was stripped of all its duties, thereby leaving him with a lack of work. This lack of work was thus used as the basis for his layoff and the similarly timed abolishment of his position.

The genesis of this action was the reorganization of Military Affairs without which Mr. Heaton's job would still have meaning. His lack of work did not accidentally develop; it was the specific result of the revamping of that department. Although Military Affairs attempts to persuade us that this was a mere layoff, it is self-evident that it was more wide-sweeping than such. A rose is a rose is a rose. This was a *reorganization* which required compliance with KRS 12.060(2).

This discussion has made apparent that KRS 12.060(2) was not met. Consequently in affirming the dismissal of James N. Heaton the Personnel Board acted in excess of its authority and violated appellant's employment rights. The Franklin Circuit Court erred in sustaining same. Accordingly its Order is reversed and remanded with instructions that this action be resubmitted to the Personnel Board for Mr. Heaton's reinstatement.

All concur.