PERSONNEL BOARD and the Department for Human Resources, Appellants,

v.

Joyce HECK, Appellee.

STATE PERSONNEL BOARD and the Department for Human Resources, Appellants,

v.

Anna L. BYBEE and Joann B. Pickerell, Appellees.

STATE PERSONNEL BOARD and the Department of Housing, Building and Construction, Appellants,

v.

Carl B. YOUNG, Appellee.

STATE PERSONNEL BOARD and the Department for Human Resources, Appellants,

v.

Louis TRAVIS, Appellee.

STATE PERSONNEL BOARD and the Department of Transportation, Appellants,

v.

Joseph WILLIAMS, Appellee.

CABINET FOR HUMAN RESOURCES and the State Personnel Board, Appellants,

v.

John H. HAIL, Appellee.

PERSONNEL BOARD and the Department for Human Resources, Appellants,

v.

John H. HAIL, Appellee.

STATE PERSONNEL BOARD and the Transportation Cabinet, Appellants,

v.

Everett R. TURNER, Appellee.

PERSONNEL BOARD and the Transportation Cabinet, Appellants,

v.

Jimmy D. BAKER, Appellee.

STATE PERSONNEL BOARD and the Transportation Cabinet, Appellants,

v.

Charles D. WARD, Appellee.

STATE PERSONNEL BOARD and Transportation Cabinet, Appellants,

v.

Denzil COMPTON and Darrell Wilson, Appellees.

STATE PERSONNEL BOARD and the Transportation Cabinet, Appellants,

v.

William CASSADY and J.C. Summers, Appellees.

STATE PERSONNEL BOARD and the Department of Housing, Buildings and Construction, Appellants,

v.

T.J. HODGES, Appellee.

STATE PERSONNEL BOARD and the Cabinet for Natural Resources and Environmental Protection, Appellants,

v.

Joe COPASS, Appellee.

Joe COPASS, Appellant,

v.

CABINET FOR NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION and the State Personnel Board, Appellees.

STATE PERSONNEL BOARD, Appellant,

v.

William SACKETT and Cabinet for Human Resources, Appellees.

PERSONNEL BOARD, Appellant,

v.

Joe L. BARBEE and the Cabinet for Human Resources, Appellees.

**STATE PERSONNEL BOARD; Department of Housing, Building and Construction, Appellants,**

v.

**Glenn HOWELL, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1986.

Rehearing Denied Feb. 6, 1987.
Discretionary Review Denied
by Supreme Court March 24, 1987.

Steven G. Bolton, Frankfort, for State Personnel Bd.

Daniel F. Egbers, Frankfort, for Cabinet for Human Resources.

Hubert P. Griffin, Louisville, for Transp. Cabinet.

Myron Daniel Herndon, Lexington, for Cabinet for Natural Resources and Environmental Protection.

Judith G. Walden, Dept. of Housing, Bldg. & Const., Frankfort, for Dept. of Housing, Bldg. and Const.

Robert L. Dowell, Greensburg, and Herbert B. Sparks, Edmonton, for Anna L. Bybee and Joann B. Pickerell, Carl B. Young, Joseph Williams, Everett R. Turner, Charles D. Ward, Denzil Compton and Darrell Wilson, William Cassady and J.C. Summers, T.J. Hodges, Joe Copass, and Glenn Howell.

Donald Duff, Frankfort, for William Sackett.

Edwin A. Logan, Frankfort, for Joyce Heck, Louis Travis, John H. Hail, and Jimmy D. Baker.

William L. Willis, Frankfort, for Joe L. Barbee.

Before HAYES, C.J., and HOWERTON and REYNOLDS, JJ.

HAYES, Chief Judge.

These consolidated appeals are from separate multiple judgments of the Franklin Circuit Court which reversed orders of the State Personnel Board (Board) confirming dismissal of the appellees by various state agencies, and which ordered that the appellees/employees be reinstated. In the cases numbered 86–CA–209–S and 86–CA–212–S we reverse. In all of the remaining cases we affirm, except that in 86–CA–583–S and 86–CA–1835–S we affirm in part, but remand for a reconsideration of back pay entitlement as hereinafter discussed.

The appellees herein were state employees who were laid off pursuant to a reorganization of certain state agencies. They appealed their lay-offs to the State Personnel Board, which found that they had been validly laid off pursuant to 101 KAR 1:120.

The laid-off employees then brought separate petitions for review in Franklin Circuit Court pursuant to KRS 18A. Among the issues raised in most of the petitioners' complaints were (1) failure to comply with KRS 12.060(2);[1] and (2) failure to comply

---

1. KRS 12.060(2) provides that the "head of any department, *with the approval of the secretary of the finance and administration cabinet,* may abolish unnecessary offices and positions, transfer officers and employes between positions, and change the duties, titles and compensation of existing offices and positions, subject to any provision of law in relation thereto." (Empha-

with 101 KAR 1:120. Some complaints failed to raise the KRS 12.060(2) issue. However, subsequent to filing of the complaints, the issue of whether compliance with KRS 12.060(2) was mandatory came before the Court of Appeals. Most petitioners then filed motions in circuit court to abate their cases, pending resolution of the KRS 12.060(2) issue in this Court. In some cases the trial court *sua sponte* abated the cases. The respondents, both the agencies and the Board, failed to object in their answers or at the time the motions to abate were filed.

In all but two cases (86–CA–209–S and 86–CA–212–S), the Franklin Circuit Court entered a judgment setting aside the orders of the Personnel Board on the grounds that each agency had failed to comply with *both* KRS 12.060(2) and 101 KAR 1:120, and ordering that the employees in each case be reinstated with full pay and emoluments. In the other two cases, *supra*, the original judgment set aside the Board's order on the KRS 12.060(2) ground alone, but the order of reinstatement was identical.

Following entry of these judgments, the various agencies filed CR 59.05 motions to alter, amend or vacate the judgments, primarily on the ground that the petitioners had failed to raise the issue of failure to comply with KRS 12.060(2) before the Personnel Board and that the issue should therefore not have been before the circuit court.

After almost a year had passed, the circuit court entered what was titled an Order and Judgment, which limited itself to the issue of. whether the issue of compliance with KRS 12.060(2) was preserved for review in circuit court. The order found that the issue was preserved, and reiterated its judgment ordering that the employees be reinstated. No mention was made of the first judgment, or of the separate ground forming the basis for the first judgment (failure to comply with 101 KAR 1:120). In two cases (86–CA–596–S and 86–CA–907–

S), the petitioner/employees filed motions to alter or amend the latter judgment to reflect the rationale and holding of the first judgment, including the 101 KAR 1:120 issue. An amended judgment was then entered in each of those cases, specifically adopting the first judgment in its entirety.

The agencies and the Board filed notices of appeal in each case from the latter judgments, which had discussed only the preservation of the issue of compliance with KRS 12.060(2) in circuit court. No mention was made of the first judgments containing the issue of compliance with 101 KAR 1:120, even in the two cases in which the trial court had specifically adopted the first judgments in its amended judgment and order.

On appeal, none of the agencies assert any issue other than the trial court's alleged error in ruling that the issue of compliance with KRS 12.060(2) was preserved for review in circuit court. An additional issue on appeal was presented in the case of *State Personnel Board v. Copass*, (86–CA–583–S), however. Copass was apparently laid off under a reorganization plan, subsequently voluntarily rehired by his agency, and then discharged for cause. The judgment in his case (being identical to the other judgments in these cases) ignored the difference in Copass's factual situation, and ordered him reinstated with full back pay along with the other employees. The agency, after filing an appeal from the judgment, then filed a CR 60.02(f) motion in circuit court requesting amendment of the judgment to conform to the difference in the facts. This motion was ultimately granted over the objection of the employee. The trial court accordingly issued an amended judgment rescinding that portion of its previous judgment ordering that Copass be reinstated, and limiting his compensation to the period during which he was allegedly erroneously laid off. Copass

---

sis added.) Compliance with the statute prior to implementation of any lay-off or reorganization plan is mandatory. *See Heaton' v. Department of Military Affairs*, Ky.App., 684 S.W.2d 286, 288 (1984). The appellees argued in circuit court

below that failure by the agencies to obtain the requisite approval from the secretary of the finance and administration cabinet made the lay-offs void *ab initio*.

then brought a separate appeal to this Court.

■ We first consider the appellants' contention that the trial court erred in considering an issue which had not been raised before the Personnel Board. Failure to raise an issue before an administrative body precludes a litigant from asserting that issue in an action for judicial review of an agency's action. *Taxpayer's Action Group of Madison County v. Madison County Board of Elections*, Ky.App., 652 S.W.2d 666, 668 (1983). *See also, Cumberland Valley Rural Electric Cooperative v. Public Service Commission*, Ky., 433 S.W.2d 103, 105 (1968). *Taxpayer's, supra,* did no more than extend to administrative cases the rule that a trial court (in this case the administrative body acting as a trial court) should first be given the opportunity to rule on questions or asserted errors of the court or agency before they are available for appellate review. *See Akers v. Floyd County Fiscal Court*, Ky., 556 S.W.2d 146, 152 (1977); *Pittsburgh and Midway Coal Mining Co. v. Rushing*, Ky., 456 S.W.2d 816, 818 (1969).

In addition, the procedures for review of decisions by the State Personnel Board are set out in KRS Chapter 18A. KRS 18A.100(5) provides that no "new or additional evidence shall be introduced in the Franklin Circuit Court except as to fraud or misconduct affecting the outcome of the case ...," and that "the court shall otherwise hear the case upon the record...." An issue not raised before the Board would not be in the record of the proceedings before the Board, and therefore would not be before the circuit court for review. KRS 18A.100(5).

The appellees argue that they were not responsible for raising the issue before the Board. Once the issue of the validity of the lay-off procedures was raised by the employees, the appellees argue, the agency then bore the burden of proving (apparently) that each and every statute and administrative regulation was complied with, regardless of whether noncompliance with a particular statute or regulation was specifically alleged by the employee. Appellees rely on language from *Thompson v. Huecker*, Ky.App., 559 S.W.2d 488, 492 (1977), for the proposition that the agencies were required to affirmatively prove the validity of the lay-offs, arguing in effect that the agencies bore the burden of proof before the Board. We disagree.

■ In administrative proceedings, the general rule is that an applicant for relief, benefits, or a privilege has the burden of proof. 73A C.J.S. *Public Administrative Law and Procedure* § 128. Specifically, a public employee protesting a discharge or demotion has the burden of proving that the action of his employer was improper. *See* 1 F. Cooper, *State Administrative Law*, 356 (Bobbs Merrill 1965). The party having the burden of proof before an administrative agency must sustain that burden, and it is not necessary for an agency to show the negative of an issue when a prima facie case as to the positive has not been established. 73A C.J.S., *supra,* § 128. This is also true where the issue has not been pleaded or charged, since pleadings or charges in an administrative proceeding must be sufficiently clear and specific to allow preparation of a defense. 73A C.J.S. *Public Administrative Law and Procedure* § 122. As the employees bore the ultimate burden of proof before the Board, they were required to raise the issue of noncompliance with a particular statute or administrative regulation before the burden of going forward with proof of compliance with that particular statute or administrative regulation passed to the individual agencies. The consequences of failure to raise the issue of compliance with KRS 12.060(2) before the Board, therefore, fell on the employees, and not upon the individual agencies.

The circuit court, in its response to the appellants' CR 59.05 motions on the issue, reasoned (1) that in every prior case where the issue of compliance or noncompliance with KRS 12.060(2) had been properly raised before the Personnel Board, the Board had found compliance with the statute to be irrelevant; and (2) that a court may take "judicial notice" of an administrative interpretation of a statute. *See Logs-*

*don v. Howard,* 280 Ky. 342, 133 S.W.2d 60 (1939). The court also apparently accepted the employees' argument as to burden of proof. The circuit court held, therefore, that it was not necessary that the employees must have raised the issue before the Board in order to raise the issue in circuit court. Accordingly, ruled the court, "the issue could be raised at any time prior to the case being submitted for judgment to the circuit court."

This reasoning ignores the rationale behind the requirement that the issue must be raised before the Board in each and every case, i.e., that a court or quasi-judicial body may not be found to be in error where it has not been given an opportunity to (1) rule on the issue or (2) correct any alleged error. Furthermore, it seems fundamentally unfair to allow an issue to be litigated on appeal where the opposing party had no opportunity to argue or brief the issue before the trial court or the administrative body acting in its judicial capacity. This is one reason for the requirement that allegations be pleaded with sufficient specificity and clarity such that the opposing party may prepare an adequate defense. 73A C.J.S., *supra,* § 122.

Finally, the plain language of KRS 18A.100(5) and in *Taxpayer's, supra,* bars an issue on appeal unless the record indicates that the issue was raised and properly considered by the agency below. Therefore, unless the issue of preservation on appeal to circuit court was waived by the respondents, the issue of compliance with KRS 12.060(2) was not properly before the circuit court, and the court should not have considered it.

■■■■■ The appellees argue, however, that by failing to object to the issue of noncompliance with KRS 12.060(2) in their answer below, or to abatement of the cases below pending consideration of the issue in this Court, the appellants have waived the right to complain that the circuit court erred in addressing the issue. Error not called to the attention of an appellate court prior to the time when a final decision is rendered may be deemed to be waived. *Herrick v. Wills,* Ky., 333 S.W.2d 275, 276

(1960). Moreover, an issue not properly raised in an intermediate appellate court may not be raised on appeal to the next higher court. *Foremost Insurance Co. v. Shepard,* Ky., 588 S.W.2d 468, 470 (1969). A motion pursuant to CR 59, however, converts a final judgment to an interlocutory judgment. CR 73.02(1)(e). A judgment which is dispositive of the issues raised in the CR 59 motion readjudicates all prior interlocutory orders and judgments determining claims which are not specifically disposed of in the latter judgment. CR 54.02(2); CR 73.02(1)(e). Therefore, an objection raised in a CR 59.05 motion would be timely, and would not constitute a waiver.

Although we reverse that portion of the trial court's judgment which found that the agencies had failed to comply with KRS 12.060(2), an additional ground for the judgments below yet remains. The judgments which set aside the orders of the Board on the basis of failure to comply with both KRS 12.060(2) and 101 KAR 1:120 disposed of all justiciable issues and were therefore final and appealable. CR 54.01. A motion pursuant to CR 59, as stated previously, converts a final judgment to an interlocutory judgment. CR 73.02(1)(e). As noted, *supra,* a judgment which is dispositive of the issues raised in the CR 59 motion (1) readjudicates all prior interlocutory orders and judgments determining claims which are not specifically disposed of in the latter judgment; and (2) renders both the response to the CR 59 motion and all prior orders and judgments final and appealable. CR 54.02(2); CR 73.-02(1)(e). The final judgments in all but two of these cases, therefore, set aside the order of the Board on two alternative grounds.

■■■■■ When a judgment is based on alternative grounds, that judgment will be affirmed on appeal unless both grounds are erroneous. *Milby v. Mears,* Ky.App., 580 S.W.2d 724, 727 (1979). Failure to raise an issue on appeal waives it, however. *Herrick v. Wills, supra,* 333 S.W.2d at 276. As the issue of compliance with 101 KAR 1:120 is not properly before this Court, the

circuit court may not be found to have erred in its disposition of the issue below.

Therefore, in those cases where (1) the judgment below was also based upon failure to comply with 101 KAR 1:120; and (2) the appellants failed to appeal from that issue; and (3) the appellees properly raised the issue in this Court on appeal, we affirm the judgment of the trial court and its order reinstating the appellees with full back pay and emoluments. There are two cases where this would not apply. Case numbers 86–CA–209–S and 86–CA–212–S involve judgments based solely upon failure of the agencies to comply with KRS 12.060(2). Those two cases are accordingly reversed.

We turn, finally, to the cases of *State Personnel Board v. Copass* (86–CA–583–S) and *Copass v. State Personnel Board* (86–CA–1835–S). For the reasons stated previously, we reverse that portion of the judgment below based upon failure to comply with KRS 12.060(2) and we affirm that portion based upon failure to comply with 101 KAR 1:120. We remand, however, in order that the trial court may further amend its order.

The trial court's order, as amended, awards Mr. Copass back pay and emoluments only for the period from the date he was improperly laid off until the date he was rehired. Copass argues that he should receive back pay and benefits to the present time. The agency argues that as Copass was fired for cause, he is no longer entitled to any back pay or emoluments. A public officer or employee rightfully removed or suspended from office is not entitled to compensation thereafter. 67 C.J.S. *Officers and Public Employees* § 221. One wrongfully removed may be compensated for the period of wrongful removal. *Id.* Copass is therefore entitled to compensation for the period from the date of his wrongful dismissal until the date he was discharged for cause. Copass's damages, however, will be governed by KRS 18A.105. The statute requires that Copass receive all remuneration he would normally have received, minus any work-related sums he received during the period in question. These would include salary from other jobs, unemployment ben-efits, and the actual salary (including benefits) Copass received from the date he was rehired by the agency to the date he was fired for cause. Upon remand, therefore, the circuit court's order should be amended accordingly.

The judgments of the Franklin Circuit Court in case numbers 86–CA–209–S and 86–CA–212–S are reversed and the orders of the State Personnel Board in those cases are reinstated. The judgments of the Franklin Circuit Court in case numbers 86–CA–210–S, 86–CA–211–S, 86–CA–213–S, 86–CA–446–S/86–CA–595–S, 86–CA–534–S, 86–CA–536–S, 86–CA–537–S, 86–CA–538–S, 86–CA–539–S, 86–CA–578–S, 86–CA–583–S/86–CA–1835–S, 86–CA–596–S, 86–CA–907–S, and 86–CA–1209–S are affirmed, and those cases are remanded to the State Personnel Board in accordance with the orders of the circuit court. Case numbers 86–CA–583–S and 86–CA–1835–S are hereby remanded to the circuit court for amendment of its final order pursuant to this opinion.

Further, pursuant to 2.(a) of the Order Designating the Cases as Special Appeals, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.