**BOARD OF EDUCATION OF HOPKINS COUNTY, Kentucky, and David Gover, in His Official Capacity as Superintendent of the Hopkins County Schools, and Robert Eminston, Shirley Thomas, Hellon Fruit, Tim Cantrell and Walter Prowse, in their Individual and Official Capacities as Members of the Hopkins County Board of Education, Appellants,**

v.

**Greg WOOD & Donnie Wood,**
Appellees.

Supreme Court of Kentucky.

Oct. 16, 1986.

W.R. Thomas, John Scott McGaw, McGaw, Thomas and Whitledge, Madisonville, for appellants.

Ronald E. Butler, Convery and Butler, Madisonville, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment of the circuit court upholding the termination of two tenured teachers for conduct unbecoming a teacher pursuant to KRS 161.790.

The issue is whether the contracts of tenured teachers may be terminated for immoral conduct or conduct unbecoming a teacher for off-campus activities involving students when no written records of such conduct are in the personnel file.

In 1983, a Hopkins County grand jury while investigating a murder received testimony from two 15–year-old girls that two days prior to the murder they had purchased 10 marijuana cigarettes and had taken the marijuana to the apartment of the Wood brothers where the girls and the Woods and others smoked some of the marijuana. The grand jury suggested that the matter be investigated further by the county attorney and subsequently the Woods were arrested on a misdemeanor charge of contributing to the delinquency of a minor. In district court, on September 20, 1983, the Woods both signed a statement pleading guilty to unlawful transaction with a minor in violation of KRS 530.070, a misdemeanor.

Officials of the Board of Education took the statements of the two girls on September 1, 1983 and on the basis of these statements, the Wood brothers were suspended from their teaching positions on September 6 for immoral character and conduct unbecoming a teacher. A hearing was conducted on September 28. At the hearing the Board presented the guilty plea filed in district court and the two girls as witnesses. The Woods denied smoking marijuana

and three other witnesses testified that they did not see any marijuana smoking. Character witnesses also testified on behalf of the Woods. At the conclusion of the hearing the Board voted unanimously to terminate the Wood brothers. The circuit court affirmed the decision of the school board, but the Court of Appeals reversed, reinstating the teachers and remanded the case to the circuit court for a determination of the question of back pay and damages. We accepted discretionary review.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of the trial court.

The Court of Appeals reversed on its determination that no written reports were prepared at any time prior to, during or after the termination hearing. This Court permitted a CR 60.01 motion correcting the judgment of the circuit court. Evidence was presented at the school board hearing by the school principal indicating that he had kept written records on both teachers for nine years and six years respectively. These records were kept annually and the principal testified that they indicated that the actual in-class teaching performance of the Wood brothers had been satisfactory.

The Wood brothers argue that the Board has no right to terminate their teaching contracts by reason of acts committed during off-duty hours, during the summer months before the school year began and in the privacy of their own apartment.

The evidence against the Wood brothers as presented by the Board supports the findings of the Board that the teachers should be terminated for immoral character or conduct unbecoming a teacher as provided in KRS 161.790(1)(b). The evidence indicates that there was serious misconduct of an immoral and criminal nature and a direct connection between the misconduct and the teachers' work. The Wood brothers pled guilty in district court to an unlawful transaction with a minor after having entertained two 15–year-old female students in their home at a marijuana-smoking party.

KRS 161.790 provides that the teaching contract shall remain in force during *good behavior* and efficient and competent service by the teacher. The statute then enumerates four causes for termination which relate to classroom professional performance which require that the causes shall be supported by written records of teacher performance.

The purpose of teacher tenure laws is to promote good order in the school system by preventing the arbitrary removal of capable and experienced teachers by political or personal whim. It is not to protect those who violate the criminal law. A teacher is held to a standard of personal conduct which does not permit the commission of immoral or criminal acts because of the harmful impression made on the students. The school teacher has traditionally been regarded as a moral example for the students. *See Gover v. Stovall,* 237 Ky. 172, 35 S.W.2d 24 (1931).

■ Conduct unbecoming a teacher or immoral conduct, unless limited to behavior occurring on the school premises during school hours, could not possibly be documented by a record of school supervisory personnel in a manner that is probative or appropriate as contemplated by the statute. Such records relate to in-school professional performance, not off-school activities. Therefore to give the statute an absolutely literal interpretation leads to a patently absurd result. We must construe statutes of this nature in accordance with their purpose which means making an exception to the literal language in the present statute to avoid an absurd and unworkable result.

The present case can easily be distinguished from *Blackburn v. Board of Education of Breckinridge Co.,* Ky.App. 564 S.W.2d 35 (1978); *Carter v. Craig,* Ky.App. 574 S.W.2d 352 (1978). Both of these cases involve teachers terminated for in-classroom conduct involving Subsection (d), which is inefficiency, incompetency or neglect of duty. These relate to in-school

**840**

professional performances and written documentation of a teacher's past performance is proper. The statutory requirement for such documentation is a reasonable restriction on the school board's activities.

■■■ Great care must be taken to ensure that proof of conduct of an immoral nature or conduct unbecoming a teacher which is sufficient to merit discharge of a tenured teacher should be of the same quality as required by other subsections of the statute, that is, written documentation from impartial sources to substantiate the charges, as in the present case, or its substantial equivalent. In addition, the conduct, when it occurs in a context other than professional competency in the classroom should have some nexus to the teacher's occupation, as was true in this case which involves smoking marijuana with two students.

One standard for judging a teacher's conduct can be found in *Morrison v. State Board of Education*, 1 Cal.3d 214, 82 Cal. Rptr. 175, 461 P.2d 375 (1969) which provides in part that the Board may consider such matters as the likelihood that the conduct may have adversely affected students or fellow teachers, and the proximity or remoteness in time of the conduct.

■■■ It was not the intention of the legislature to subject every teacher to discipline or dismissal for private shortcomings that might come to the attention of the Board of Education but have no relation to the teacher's involvement or example to the school community. The power of the Board to discipline teachers is not based on personal moral judgments by Board members. It exists only because of the legitimate interests of the government in protecting the school community and the students from harm. *Weissman v. Board of Education of Jefferson City School District*, 190 Colo. 414, 547 P.2d 1267 (1976).

■■■ It is the holding of this Court that the contracts of tenured teachers may be terminated for conduct unbecoming a teacher or immoral conduct involving off-campus activities involving students notwithstanding written records indicating a satisfactory teacher performance.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.