**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, Appellant,**

v.

**Brenda C. WOODALL, Executrix for the Estate of Don Woodall; and The Kentucky Personnel Board, Appellees.**

Court of Appeals of Kentucky.

Aug. 28, 1987.

Karen A. Powell, Transportation Cabinet, Office of General Counsel, Frankfort, for appellant.

Mark Posnansky, Louisville, Steve Bolton, Kentucky Personnel Bd., Frankfort, for appellees.

Before CLAYTON, McDONALD and MILLER, JJ.

McDONALD, Judge:

The appellant, Commonwealth of Kentucky, Transportation Cabinet, has appealed from the judgment of the Franklin Circuit Court which sustained the decision of the appellee, Kentucky Personnel Board, that the cabinet's dismissal of Don Woodall was without just cause. Woodall, now deceased, was formerly employed by the cabinet as a Vehicle Enforcement Officer.

In July, 1984, Woodall became involved in an altercation with another man, Dale Bowman, at a grocery store, which ended when Woodall shot and killed Bowman. Woodall was tried for murder and convicted of second-degree manslaughter in December, 1984. On December 21, 1984, before his conviction was final, the cabinet sent Woodall a letter of dismissal which provided as follows:

> On December 6, 1984, you were convicted by the Rowan Circuit Court for second degree manslaughter of Mr. Dale Bowman of Morehead, Kentucky. The actions leading to your conviction and the conviction are in violation of 101 KAR 1:120, Section 1, 600 KAR 1:050, Section 1 and 600 KAR 1:050, Section 2.

Woodall advised the cabinet of his intent to appeal the discharge and asked for the termination to be abated until the appeal of his criminal conviction was concluded. The cabinet declined and upheld the dismissal. Woodall appealed to the personnel board in a letter which contained the following recitation:

> Mr. Woodall entered a plea of not guilty and has at all times emphatically maintained that he did not intentionally shoot Mr. Bowman. The incident occurred at a Convenient Food Store in Morehead during an altercation between Mr. Woodall and Mr. Bowman. The altercation resulted when Mr. Bowman made lewd and obscene gestures toward and touched the person of Mr. Woodall's wife, Brenda, in his presence.

A hearing was held by the board on February 11, 1985. Woodall did not appear at the hearing but was represented by counsel. The cabinet offered the testimony of Robert Bird, director of the cabinet's Motor Vehicle Enforcement Division, and Betty Hawkins, personnel director of the cabinet. Both admitted having no knowledge of the events which led to Woodall's conviction but were, of course, aware of the conviction. Woodall offered no testimony on his behalf.

The hearing officer found that Woodall's actions may have been "sufficiently heinous and harmful to the image of state government to justify his termination, but the paltry few facts before [him made] a factual determination of that matter impossible." He recommended that Woodall be reinstated. Exceptions to the hearing officer's findings of fact and conclusions of law were filed by the cabinet; however, his recommended order was sustained.

Woodall died in March, 1986, while the cabinet's appeal was pending in circuit court. His criminal appeal was subsequently dismissed by this Court as moot. In its judgment the Franklin Circuit Court sustained the board's action by concluding that the board did not err or otherwise abuse its discretion in its determination that Woodall's firing was without just cause.

■ The cabinet's first allegation of error explains the necessity for this appeal. The cabinet contends that it was entitled to

a judgment as a matter of law as Woodall offered no evidence at this hearing before the board. The cabinet strenuously asserts that the burden of proof before the board in such proceedings rests on the discharged employee. However, despite the recent holding to the contrary in *Personnel Board v. Heck*, Ky.App., 725 S.W.2d 13 (1986), it has long been the law in the Commonwealth that the appointing authority has the burden before the personnel board of proving the grounds for dismissal and the validity of the basis of any separation of a state merit employee from state service. *Goss v. Personnel Board*, Ky., 456 S.W.2d 822 (1970); *Thompson v. Heucker*, Ky.App., 559 S.W.2d 488 (1977).

■ The cabinet refers us to the rule that "[a]pplicants before an administrative agency have the burden of proof." *Energy Regulatory Commission v. Kentucky Power Company*, Ky.App., 605 S.W.2d 46 (1980). While we have no quarrel with this general proposition, we are of the opinion that it has no application in the *disciplinary* proceeding involving a classified merit employee of the Commonwealth. Such an employee is endowed with certain rights and protections, among those being the right of continued employment unless "just cause" for dismissal is demonstrated by the agency by whom he is employed. KRS 18A.095.

In support of its argument the cabinet cites as authority 73A C.J.S. *Public Administrative Law and Procedure* § 128 (1983). We can only assume the cabinet stopped reading after the first paragraph in this section as, in addition to stating the general rule, it clearly provides that "[t]he burden [of proof] is on the one making the charges in disciplinary proceedings or where the issue is whether the party charged has committed an illegal or improper act...." *Id.* The cabinet's reliance on 1 F. Cooper, *State Administrative Law*, 356 (Bobbs Merrill 1965), is likewise mis-

placed. This authority merely provides that the employee has the burden of proof when claiming that an adverse employment action is the result of improper or illegal action, such as discrimination. This treatise does not state or imply that the employee has the burden of proof in a disciplinary hearing on the issue of his or her own alleged misconduct.

■ The cabinet was not so concerned about the burden of proof before the board as it was proceeding under the mistaken belief that Woodall's conviction was sufficient to justify his dismissal. Certainly this was the expressed opinion of the only two witnesses who testified.[1] That the nonfinal conviction was not, however, sufficient to form the basis of Woodall's removal from state government was recognized by both the board and the trial court. *City of Pineville v. Collett*, 294 Ky. 853, 172 S.W.2d 640 (1943), and *Cornett v. Judicial Retirement and Removal Commission*, Ky., 625 S.W.2d 564 (1981). The cabinet no longer relies on that conviction to justify its action but attempts to convince this Court that there was evidence of the "actions leading to [his] conviction" presented to the board which compelled a finding in its favor on the issue of cause to terminate.

■ Specifically, the cabinet relies on Woodall's letter of appeal to the board. The statement of facts in this letter provides the only evidence of record concerning the shooting incident which precipitated Woodall's firing. Astoundingly the cabinet asserts that the letter constitutes a judicial admission of misconduct to justify the dismissal. As the appellee points out, however, the letter proved nothing other than that Woodall was involved in an altercation of some sort, that a gun was fired and that as a result, another man died. Woodall did not put the issue of misconduct to rest as the cabinet would have us believe, but consistently maintained his innocence of any

1. It is clear from the following testimony of Colonel Bird that the conviction was the only basis for the firing:

Well, it made no difference to me what the evidence was—it made no difference to me in my final decision. My final decision was based upon the jury conviction of the defendant, and my decision to recommend that he be terminated.... [W]hether or not he did it intentionally or unintentionally didn't make it—did not and would not make any difference in my recommendation.

wrongdoing. While we certainly deplore the resort to lethal weapons to settle disputes and the shooting of innocent people, we recognize there are situations in which the shooting of another would not constitute cause for firing one from his job. Shooting in self-defense, in the defense of another or in the line of duty are such examples. The hearing officer addressed this issue thus:

> No witnesses were introduced who could have testified as to the facts of the matter.... [T]here was no testimony as to whether the appellant [Woodall] acted under extreme emotional distress or whether [Woodall's] actions may have been justified because of the necessity for self-defense or some other reason. In fact, there was no testimony about the facts which allegedly justify the action taken against [Woodall] at all.

This finding is not clearly erroneous as urged by the cabinet but is an accurate description of the cabinet's presentation, or lack thereof, of its case. Admittedly Bird and Hawkins described Woodall's conduct as "unprofessional" and "improper" but the hearing officer cannot be criticized for failing to give much import to the opinions of those two who, as stated before, acknowledged their ignorance about the underlying events leading to Woodall's conviction. Certainly their testimony does not compel a finding in the cabinet's favor.

■ The cabinet further argues the court erred in concluding that the board's order should be sustained on the alternate ground that its notice of termination to Woodall was fatally defective.[2] We find no merit in the cabinet's assertion in this regard. The letter, as set out previously herein, notified Woodall that his conviction and the actions leading to the conviction violated 101 KAR 1:120(1) and two regulations of the cabinet not in effect at the time of the shooting incident. As discussed earlier herein, the nonfinal conviction could not be used against Woodall in this proceeding, the board and circuit court correctly refused to retroactively apply the cabi-

net's regulations against him, and thus all that was left were the "events" leading to the conviction. Those events, whatever they were, were not set forth with any degree of specificity and thus the notice did not, as a matter of law, comport with 101 KAR 1:120, Section 3(1), which requires "a written statement of the specific reasons for dismissal." *See also Goss v. Personnel Board, supra.*

The judgment of the Franklin Circuit Court is affirmed.

All concur.

---

**2.** This issue has been rendered moot by our holding that the cabinet failed to meet its burden of proof; however, for the benefit of the cabinet's drafters of future termination notices we will address the issue of the adequacy of the notice.