Robert Wayne PERKINS, Appellant,

v.

James E. STEWART, Director, Division of Administration, Revenue Cabinet, Commonwealth of Kentucky; Revenue Cabinet; and Kentucky Personnel Board, Commonwealth of Kentucky, Appellees.

KENTUCKY PERSONNEL BOARD, Cross-Appellant,

v.

REVENUE CABINET, Commonwealth of Kentucky, James E. Stewart, Director, Division of Administration; and Robert W. Perkins, Cross-Appellees.

Nos. 88-CA-1089-MR, 88-CA-1146-MR.

Court of Appeals of Kentucky.

July 27, 1990.

Case Ordered Published by Court of Appeals Aug. 31, 1990.

Discretionary Review Denied by Supreme Court Dec. 19, 1990.

Marvin B. Coles and Gary L. Dailey, Frankfort, for Robert W. Perkins.

Celia M. Dunlap, Frankfort, for Revenue Cabinet.

Steven G. Bolton, Frankfort, for Personnel Bd.

Before HOWERTON, C.J., and HOWARD and McDONALD, JJ.

McDONALD, Judge.

Robert Wayne Perkins has appealed from the judgment of the Franklin Circuit Court which set aside the decision of the Kentucky Personnel Board and which reinstated the decision of the appellee, Revenue Cabinet, to dismiss Perkins from his job as field tax auditor. Perkins was hired by the cabinet and was notified of his dismissal in August, 1986, as follows:

> The specific reason for the dismissal is that you are no longer an employee in good standing per 101 KAR 2:090E, Section 1.

> The action and activity on which your dismissal is based is your conviction on felony counts in Bourbon Circuit Court. You were charged with felonies under KRS 509.070, KRS 530.065, and KRS 502.020. You entered a plea of guilty and have been sentenced by the court.

Perkins appealed to the board stating, "The conviction was not work related or connected." He contended the cabinet's action was "arbitrary, capricious, unjustified and contrary to law" and that he was "denied the protection of the Commonwealth of Kentucky Merit System Law."

A hearing was conducted in October, 1986. It was stipulated that Perkins' past work performance was not an issue.[1] The

---

1. The sole reason for the cabinet's action was stated by its attorney at the commencement of the hearing thusly: "Well, the issue as pursuant to 101 KAR 2:090E is that Mr. Perkins was dismissed for not having good behavior, and it's not past behavior and it's not past job perform-

revenue cabinet's sole basis for dismissal was Perkins' status as a felon. Incredibly the cabinet closed its case without offering any proof that Perkins had been charged with or convicted of any crimes. When it became apparent that Perkins himself was not going to testify, the cabinet moved to reopen its case. The motion was granted and the cabinet offered the testimony of Eddie Roberts, a security administrator in the Division of Administration. Mr. Roberts had no first-hand knowledge of Perkins' criminal problems but he said he learned from his discussion with the Bourbon County Attorney that Perkins had pled guilty to certain crimes and had served some jail time on weekends and was on probation for three years. The revenue cabinet attempted to put into evidence portions of Perkins' criminal record which the board denied for lack of certification. They were placed in the record by avowal. These records show that Perkins was charged with growing marijuana (a mere 229 plants), custodial interference and unlawful transaction with a minor.

The board, in ordering that Perkins be reinstated, concluded as follows:

4. The regulation on which the dismissal was based provides that an employee's tenure shall be during good behavior and satisfactory performance of his duties. There was no testimony relating to the unsatisfactory performance of his duties up to and including the time of the hearing and there was no testimony relating to his bad behavior during working hours while serving as an auditor up to and including the date of the hearing.

5. The testimony of the Cabinet attempted to base their dismissal solely on the fact that he was perceived as not being in good standing only. He was advised at the time of his dismissal that for having pled guilty of alleged felonies was the basis for his dismissal. This notice did not in any way indicate that the alleged felonies were in any way related to the job duties.

ance. *It's just the fact as to his status as a felon, as having pled guilty and being a felonious indi-*

. . . .

7. It is found that a conviction in and of itself is not a legal basis for dismissal.

8. It is the Chief Hearing Examiner's finding that the action taken by the appointing authority was without just cause and that it was erroneous in view of all the surrounding circumstances.

The Franklin Circuit Court saw things a little differently. Judge Corns set aside the board's decision and reinstated the cabinet's dismissal of Perkins. In so doing he reasoned thusly:

The convictions, as indicated previously, do not involve an isolated incident evolving out of heat and passion. They reflect a callous and calculated disregard for the Orders of the Court and the law as declared by the General Assembly.

In our considered opinion, both the number and nature of the offenses committed not only diminish, but they destroy any semblance, either actual or illusory, of Perkins continuing "good behavior."

Both Mr. Perkins and the Kentucky Personnel Board have appealed from the circuit court's judgment. Perkins alleges that there was an insufficient basis for the circuit court to find Perkins had been involved in any illegal activity and that the documentation admitted by avowal did not become a part of the board's record. The circuit court did not specifically rule on the propriety of that evidence offered by the revenue cabinet but certainly by implication determined it should have been considered by the board.

 We are well aware in adverse personnel actions before the personnel board that the agency has the burden of proof of establishing the grounds to support its actions. *Commonwealth, Transportation Cabinet v. Woodall*, Ky.App., 735 S.W.2d 335 (1987). However, while better practice would have been for the cabinet to come prepared with certified copies of the convictions, we see no prejudice to Perkins in the admission of uncertified court records.

*vidual; that he is not capable of performing his duties."* (Emphasis added.)

First, this was an administrative proceeding and the rules of evidence are somewhat relaxed in such proceedings. Generally, administrative agencies are not bound by the technical rules of evidence governing jury trials. *See Louisville & Nashville R. Co. v. Commonwealth*, Ky., 300 S.W.2d 777 (1956). As these records were not being used to enhance a criminal conviction or to enforce a judgment, we think the board erred in its ruling regarding their admission.

 Furthermore, in his appeal to the board Perkins did not contest the cabinet's assertion that he had been convicted. He appealed on the basis that the convictions were not "work related." That issue is, in our opinion, the pivotal issue that should have been the focus of the hearing.

The Personnel Board argues, and we agree, that the revenue cabinet did not put on much evidence of how Perkins' criminal indiscretion would affect his job performance. We agree with both Perkins and the board that the status of being a felon alone does not automatically allow a state agency to deprive one of his livelihood. *Woodall, supra.* We disagree with Perkins though that the felonious conduct must take place during work or working hours. In *Board of Education of Hopkins Co. v. Wood*, Ky., 717 S.W.2d 837 (1986), the Supreme Court upheld the termination of two tenured teachers for smoking marijuana with minors, conduct "involving off-campus activities involving students." While there was a nexus in *Wood* between the conduct and the work, that is, the students, the import of *Wood* is that while not every "private shortcoming" will deserve adverse employment action, conduct which will harm the "legitimate interests of the government" can result in discipline. *Id.,* at 840.

Generally, what constitutes cause for dismissing a merit employee is a fact question for the board's determination. However, we agree with the circuit court that the board erred as a matter of law in its decision that the cabinet was "without just cause." Mr. Perkins' activities in producing 229 marijuana plants showed at a minimum a total disrespect for the laws of our Commonwealth. This conduct was not an isolated indiscretion but an ongoing commitment to an illegal agricultural pursuit. Perkins' job, as the cabinet showed, involved auditing tax returns and assisting the cabinet in litigation. In short, Perkins' work involved enforcement of our tax laws. We think it axiomatic that one with so little regard for the law cannot effectively enforce it.

The judgment of the Franklin Circuit Court is affirmed.

All concur.