/s/ Robert F. Stephens
Chief Justice

**Robert T. KOO, Appellant,**

**v.**

**COMMONWEALTH OF KENTUCKY DEPARTMENT FOR ADULT AND TECHNICAL EDUCATION; Tara Parker, Appointing Authority; and Commonwealth of Kentucky, Kentucky State Board for Adult and Technical Education, Appellees.**

No. 95–CA–00150–MR.

Court of Appeals of Kentucky.

Dec. 8, 1995.

Rehearing Denied Feb. 16, 1996.

Case Ordered Published by Court of Appeals March 22, 1996.

Donald Duff, Frankfort, for Appellant.

Beverly H. Haverstock, Frankfort, for Appellees.

Before COMBS, EMBERTON and JOHNSTONE, JJ.

EMBERTON, Judge.

The appellant, Robert T. Koo, was a continuing status employee of the Kentucky Department for Adult and Technical Education until he was laid off following the abolishment of his position as an auxiliary services specialist for Region 7. He appeals from the judgment of the Franklin Circuit Court affirming the decision of the State Board for Adult and Technical Education.[1]

1. The Department for Adult and Technical Education is within the Cabinet for Workforce Development. The employees of the Cabinet operate under the jurisdiction of the State Board for

On June 17, 1991, Koo was notified that he was subject to layoff as result of a system-wide assessment. Final notice of the elimination was made on August 5, 1991. On Koo's appeal to the Board the Department did not present its case but moved for a directed verdict which was granted by the hearing officer. Koo's primary contention is that the Department failed to follow the procedures set forth in Ky.Rev.Stat. (KRS) 151B.085. He alleges also that the hearing officer erroneously required him to bear the burden of proof, and that the hearing officer was without authority to enter a directed verdict.

■ The question as to the burden of proof in an administrative proceeding involving a continuing status employee is dependent upon the reason for the separation. If the personnel procedure arises from a disciplinary action, accusations made against an employee must be proven and the burden of proof is squarely on the Department. *Perkins v. Stewart*, Ky.App., 799 S.W.2d 48 (1990); *Commonwealth, Transportation Cabinet v. Woodall*, Ky.App., 735 S.W.2d 335 (1987).

The cabinet refers us to the rule that '[a]pplicants before an administrative agency have the burden of proof.' *Energy Regulatory Commission v. Kentucky Power Company*, Ky.App., 605 S.W.2d 46 (1980). While we have no quarrel with this general proposition, we are of the opinion that it has no application in the *disciplinary* proceeding involving a classified merit employee of the Commonwealth. Such an employee is endowed with certain rights and protections, among those being the right of continued employment unless 'just cause' for dismissal is demonstrated by the agency by whom he is employed. KRS 18A.095. (Emphasis original).

*Woodall, supra,* at 337.

■ Management decisions, made for economic or efficiency reasons, however, require that the employee bear the burden of proof. In *Personnel Board v. Heck,* Ky.App., 725

Adult and Technical Education and appeals from personnel actions are taken to the State Board for Adult and Technical Education. Ky.Rev.Stat. (KRS) 151B.035–090.

S.W.2d 13, 17 (1986), we held that if an employee challenged the validity of the layoff procedures, the employee bears the burden of establishing non-compliance. We concur with the view expressed in *Woodall, supra,* that the language in *Heck, supra,* is broad and we reaffirm the law that the appointing authority has the burden before the personnel board in a disciplinary proceeding. However, where decisions are made for management purposes and the only challenge to the action is non-compliance with statutory or regulatory law the employee must bear the burden of proof. *Heck, supra.* Managerial decisions are internal to the agency or department and are entitled to a recognition of validity unless demonstrated by the employee to be otherwise.

■ We also reject Koo's contention that the hearing officer was without authority to grant a directed verdict to the Department. Hearing officers are afforded great deference when considering and weighing evidence. To require that the party not having the burden of proof go forward, when the hearing officer is unpersuaded by the case presented by the party bearing such burden, would be a futile exercise. "The party having the burden of proof before an administrative agency must sustain that burden, and it is not necessary for an agency to show the negative of an issue when a *prima facie* case as to the positive has not been established." *Heck, supra,* at 17.

■ Koo maintains that the Department failed to comply with statutory requisites set forth in KRS 151B.085 which provides:

**151B.085. Procedures for layoffs.**

(1) A layoff of an employee with continuing status in his department due to the abolition of a position, lack of funds, or economic or employment trends resulting in a lack of work or a material change in duties or organization shall comply with the provisions of this section.

(2) Prior to the notification of layoff and prior to the layoff of an employee, a department shall prepare a layoff plan. The plan shall contain the name of the employee and the reasons, in detail, for the layoff. Upon approval of the plan by the appropriate commissioner, the employee shall be notified of the pending layoff, and of:

(a) The reason for the layoff;

(b) The procedures established by the provisions of KRS 151B.080, and this section for the layoff of employees; and

(c) The rights granted employees subject to layoff and to laid-off employees.

(3)(a) An employee subject to layoff shall be considered for a vacant position within his department of the same pay grade, level of duties, and responsibilities for which the employee is qualified.

(b) If a vacancy does not exist, the employee shall be considered for any vacant position within his department for which qualifications are held.

(4) If no position is available to an employee subject to layoff under the procedure established by subsection (3) of this section, the employee shall be notified of the layoff in writing at least thirty (30) days prior to implementation of the layoff.

The layoff plan, he maintains, is required not only to state the conclusion of the Department that the position is abolished, but must state, in detail, the reasons for its elimination. We do not interpret the terms "plan" and "detail" to require such specificity argued by Koo. The statute requires that a layoff occur as a result of one of the following circumstances: (1) the abolition of a position; (2) lack of funds; (3) economic or employment trends which result in a lack of work or a material change in duties or organizations.... KRS 151B.085(2). The purpose of the "plan" is to notify the Commissioner of the recommended layoff since it is subject to his approval. It is not necessary, as Koo contends, that the Department show cause to the employee for the layoff. *Riggs v. Commonwealth of Kentucky,* 734 F.2d 262, 265 (6th Cir.1984).

■ Koo also contends that the notice he received was insufficient because it was not adequately detailed. Again, the statute requires only that the reason for the layoff be stated and that the employee be informed of his rights as a continuing status employee.

The notice given Koo encompassed all the information required by the statute. There is no requirement that the "plan" be provided to the employee or that the rationale for the layoff be given.

■ The Department, Koo points out, did not promulgate any regulations governing the procedures for abolishment of positions and layoffs as mandated under KRS 151B.035 which he contends renders his layoff void. The procedure for layoffs is controlled by statutory law. KRS 151B, *et seq.*, contains procedures which must be followed and which must afford the employee due process considerations. The statutory layoff procedures are complete and protect the employee rights in a layoff situation.

■ Koo maintains that he was not properly considered for another position within the Department. The hearing officer made extensive findings that Koo had been considered for all vacant positions for which he was qualified and for which he expressed an interest in filling. The statute does not require that the laid-off employee be placed into a vacancy, only that he be considered. We will not disturb the hearing officer's determination that he was considered for the vacancies. *Peabody Coal Co. v. Goforth,* Ky., 857 S.W.2d 167 (1993).

In reviewing the record, and hearing argument of counsel, we find no evidence that the Department abused its discretion or acted arbitrarily. *Ford v. Carlisle County,* Ky., 361 S.W.2d 757 (1962).

The judgment of the Franklin Circuit Court is affirmed.

All Concur.