Kimberly FITZGERALD, Appellant,

v.

Mickey McFALL, In His Official Capacity as Superintendent of the Clinton County Public Schools; Board of Education of Clinton County, Kentucky; Kevin Noland, In His Official Capacity as Acting Chief State School Officer; and Michael Head, In His Official Capacity as Hearing Officer, Appellees.

and

Michael Head, In His Official Capacity as Hearing Officer and as an Assistant Attorney General, Appellant,

v.

Mickey McFall, In His Official Capacity as Superintendent of the Clinton County Public Schools; Board of Education of Clinton County, Kentucky; Kimberly Fitzgerald; and Kevin Noland, In His Official Capacity as Acting Chief State School Officer, Appellees.

Nos. 2007–CA–001403–MR, 2007–CA–001539–MR.

Court of Appeals of Kentucky.

March 13, 2009.

Ordered Published June 5, 2009.

Michael A. Rains, Thomas E. Carroll, Monticello, KY, for appellant, Kimberly Fitzgerald.

Jack Conway, Attorney General of Kentucky, Tad Thomas, Assistant Deputy Attorney General, Frankfort, KY, for appellant, Michael Head, In His Official Capacity as Hearing Officer.

Robert L. Chenoweth, Grant R. Chenoweth, Frankfort, KY, for appellees, Mickey McFall, Superintendent of Clinton County Public Schools; and Board of Education of Clinton County, Kentucky.

Before DIXON and NICKELL, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

DIXON, Judge.

In Case No.2007–CA–001403, Appellant, Kimberly Fitzgerald, appeals from an order of the Clinton Circuit Court reversing the decision of an Administrative Hearing Officer in this teacher termination action brought by Appellees, Mickey McFall, in his official capacity as Superintendent of the Clinton County Public Schools; and the Board of Education of Clinton County (Collectively "the School District"). The trial court remanded the matter for further proceedings before the hearing tribunal. In the companion case, 2007–CA–1539, Appellant, Michael Head, in his official capacity as Hearing Officer, also appeals from the trial court's denial of his motion to dismiss him as a named party to the action. For the reasons set forth herein, we affirm in part and reverse in part the lower court.

Fitzgerald was a special education teacher with the Clinton County School District. Pursuant to a school board poli-

---

1. Senior Judge David C. Buckingham sitting as Special Judge by Assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

cy, Fitzgerald was chosen for random drug screening on March 9, 2006. Upon receiving the medical review officer's report indicating that Fitzgerald's urine tested positive for propoxyphene,[2] and after inquiring whether she could provide a doctor's prescription to explain the presence of the drug, Superintendent McFall sent Fitzgerald a letter notifying her that her employment contract was being terminated. The letter, dated April 25, 2006, provided in pertinent part:

> The general charge for suspension and termination of your employment is conduct unbecoming a teacher under KRS [Kentucky Revised Statutes] 161.790(1)(b).
>
> . . . .
>
> The positive test on your urine specimen is a violation of Board Policy 03.13251 and as well a violation of the Professional Code of Ethics for Kentucky Schools Certified Personnel which provides in pertinent part, at 16 KAR [Kentucky Administrative Regulations] 1:020, Section 1(3)(a)(3), that certified personnel in the Commonwealth "[s]hall take reasonable measures to protect the health, safety, and emotional well-being of students." Section 1(3)(c)(1) provides that certified personnel "[s]hall exemplify behaviors which maintain the dignity and integrity of the profession"; the effect of these violations constitutes conduct unbecoming a teacher under KRS 161.790(1)(b) and serves as good and sufficient basis for the suspension and termination of your employment contract with the school district.

Fitzgerald thereafter requested a hearing before a tribunal pursuant to Kentucky Revised Statutes (KRS) 161.790. Michael Head, from the Kentucky Attorney General's Office, Division of Administrative Hearings, was appointed as the Hearing Officer.

At the conclusion of the School District's case-in-chief, Fitzgerald moved for a directed verdict, arguing that there was no evidence that she was impaired or under the influence of propoxyphene while teaching. Granting the motion, Hearing Officer Head concluded:

> Board Policy 03.13251 prohibits illegal drug activity only while a certified employee is on duty, performing their duties, or at a workplace. The policy does not address certified personnel actions while off-duty. The proof did not show that Ms. Fitzgerald had propoxyphene in her system at the time of the test, only that she must have taken propoxyphene in the few days preceding the drug test.
>
> The proof showed only that Ms. Fitzgerald had norpropoxyphene in her system on the day of the test. Ms. Fitzgerald was not charged with having norpropoxyphene in her system on the day of the test, and it is not a violation of Board Policy 03.13251 if she ingested propoxyphene while off-duty and no longer had it in her system on the day of the test. For these reasons, Ms. Fitzgerald did not violate Board Policy 03.13251.

Hearing Officer Head did not address whether Fitzgerald's conduct was nevertheless an ethical violation or conduct unbecoming a teacher.

The School District then sought review in the Clinton Circuit Court. On cross-motions for judgment, the trial court ruled that Hearing Officer Head had erroneously "supplanted his opinion of the facts for those of the tribunal, which was a clear violation of the limited authority given to him under KRS 167.790(5)[,]" and that the question of whether the School District

---

**2.** Propoxyphene is commonly known by the trade name Darvon or Darvocet.

"presented evidence of sufficient value to warrant termination of a teacher is a decision to be determined by the tribunal and not the hearing officer." The trial court vacated the dismissal order and directed Hearing Officer Head to conduct a new termination hearing before the tribunal. Fitzgerald thereafter appealed to this Court.

Fitzgerald argues on appeal that the trial court erred in determining that Hearing Officer Head lacked the authority to grant a directed verdict. Fitzgerald contends that not only is a directed verdict a procedural matter within a hearing officer's statutory authority under KRS 161.790, but that his decision to grant such in this case was appropriate in light of the deficiency of the evidence presented by the School District. We disagree.

KRS 161.790(4) provides that upon notice of a teacher's intent to answer the charges filed against him or her, the commissioner of education shall appoint a three-member tribunal consisting of one retired teacher, one administrator, and one layperson, none of whom reside in the district, to conduct a hearing in accordance with KRS Chapter 13B. Pursuant to KRS 161.790(5) a hearing officer, also appointed by the commissioner of education, "shall have final authority to rule on dispositive pretrial motions." However, "[a]t the hearing, a hearing officer ... shall preside with authority to rule on procedural matters, but the tribunal shall be the ultimate trier of fact." KRS 161.790(6).

Fitzgerald relies upon the decision in *Koo v. Commonwealth of Kentucky, Department for Adult and Technical Education*, 919 S.W.2d 531 (Ky.App.1995), wherein a panel of this Court held that a hearing officer under Chapter 13B has the authority to grant a directed verdict against the party bearing the burden of proof. Indeed, the panel stated, "Hearing officers are afforded great deference when

considering and weighing evidence. To require that the party not having the burden of proof go forward, when the hearing officer is unpersuaded by the case presented by the party bearing such burden, would be a futile exercise." *Id.* at 533. However, *Koo* addressed such authority in the context of a hearing officer who serves the functions of both judge and jury. Clearly, under KRS 161.790, only the tribunal is the "ultimate trier of fact."

In fact, in *Fankhauser v. Cobb*, 163 S.W.3d 389, 405 (Ky.2005), our Supreme Court explicitly observed that in administrative hearings regarding teacher terminations, "the tribunal enabling statute is unusual in that it divides the administrative authority and responsibilities between the three-member tribunal and a hearing officer[.]" Thus, the authority of the hearing officer under KRS 161.790 differs substantially from other administrative proceedings wherein the hearing officer decides both issues of procedure and substance.

■ Given the plain language of KRS 161.790, we must conclude that Hearing Officer Head exceeded his limited authority by granting the directed verdict and dismissing the charges against Fitzgerald. Clearly, the ultimate fact-finders under the statute are the tribunal members. Thus, whether the school district presented sufficient evidence to warrant the termination of Fitzgerald was within the sole determination of the tribunal. Further, to accept Fitzgerald's argument that a directed verdict is merely procedural would render KRS 161.790(5) superfluous. If such were the case, then the hearing officer's authority to rule on prehearing dispositive motions would not need to be specifically provided for. As we cannot conclude that the General Assembly intended to enact futile legislation, we must reject Fitzgerald's interpretation of the statute. *See*

*Reyes v. Hardin County*, 55 S.W.3d 337 (Ky.2001); *Aubrey v. Office of the Attorney General*, 994 S.W.2d 516 (Ky.App. 1998).

Because we agree with the trial court that the hearing officer exceeded the limited authority granted in KRS 161.790 by dismissing the charges prior to any determination by the tribunal, we specifically do not address the sufficiency of the evidence against Fitzgerald. We agree with the trial court that such is within the province of the tribunal on remand.

Next, we turn to Hearing Officer Head's argument on cross-appeal that the trial court erred in denying his motion to dismiss him as a party to this action. In its final order, the trial court stated:

Since this Court is vacating Honorable Michael Head's "directed verdict" order and directing him to conduct a new hearing pertaining to the termination of Fitzgerald as a teacher with the Clinton County Schools, this Court believes he should be named as a party to this action.

However, Hearing Officer Head argues that the only real parties in interest are Fitzgerald and the School District, and he should not have been required to participate in this appeal. Hearing Officer Head points out that contrary to Fitzgerald's argument, he is subject to any remand order from the trial court, or this Court, regardless of whether he is a named party to the action. We agree.

■ KRS 161.790(9) provides that a teacher has the right to appeal any decision of the tribunal to the circuit court having jurisdiction in accordance with KRS Chapter 13B. Under KRS 13B.140(1), "A party shall institute an appeal by filing a petition.... The petition shall include the names and addresses of all parties to the proceeding and the agency involved[.]" Further, KRS 13B.010(3) defines "party" as:

(a) The named person whose legal rights, duties, privileges, or immunities are being adjudicated in the administrative hearing;

(b) Any other person who is duly granted intervention in an administrative hearing; and

(c) Any agency named as a party to the adjudicatory proceeding or entitled or permitted by the law being enforced to participate fully in the administrative hearing.

There simply is no statutory provision requiring that the hearing officer in an administrative proceeding under KRS 161.790 be named as a party on appeal.

Nor are we persuaded by the School District's attempt to analogize this matter to a mandamus petition. The School District contends that because Hearing Officer Head acted outside of his jurisdiction, it is necessary that he be named as a party so that it can "seek a remand order which compels certain conduct by the hearing officer on remand." Further, the School District argues that Hearing Officer Head's position seeks to "deprive a trial court the ability to give exactly this nature of directive upon juridical review."

■ We would observe that the School District has asserted no authority for applying the extraordinary relief afforded by a mandamus action. Nor do we find any basis for concluding that this type of appeal warrants such action. A hearing officer is clearly not a party to an administrative proceeding under KRS 161.790 and does not fall within the definition of a party as defined by KRS 13B.010(3). Moreover, a hearing officer would be required to follow the mandates of an appellate court as would any other lower court on remand from an appeal. Thus, we conclude that it is not necessary or proper to name the hearing officer as a party on

appeal from an administrative proceeding instituted pursuant to KRS 161.790.

Accordingly, in Case No.2007–CA–001403, we affirm the Clinton Circuit Court's decision vacating Hearing Officer Head's order dismissing the charges against Fitzgerald, and directing a new termination hearing before the tribunal. In Case No.2007–CA–001539, we reverse the trial court's order denying Hearing Officer Head's motion to dismiss him as a party to the action. The matter is remanded to the trial court for an order in accordance with this opinion.

ALL CONCUR.