**Benjamin DRUMMOND, Appellant,**

v.

**TODD COUNTY BOARD OF EDUCATION, Appellee.**

No. 2009–CA–000356–MR.

Court of Appeals of Kentucky.

Sept. 9, 2011.

Dennis Franklin Janes, Bridget S. Brown, Frankfort, KY, John Frith Stewart, Mary Margaret McQuire, Crestwood, KY, for appellant.

Michael A. Owsley, Bowling Green, KY, for appellee.

Before ACREE, CAPERTON and CLAYTON, Judges.

### OPINION

ACREE, Judge:

This case involves the discharge of a tenured teacher employed by the Todd County Board of Education (school board). The discharge followed an administrative ruling that the teacher had engaged in sexual contact with two students, constituting conduct unbecoming a teacher. On appeal, we are asked to consider whether the hearing officer's procedural and evidentiary rulings were flawed and whether the tribunal's factual conclusion was supported by substantial evidence. Following careful review of the law and the record, we affirm.

### I. *Facts and procedure*

Benjamin Drummond began employment as a history teacher at Todd County Central High School (TCCHS) in 1996. He was active in the school's extracurricular activities and had no major disciplinary issues until August 2006.

At that time, school administrators learned of rumors that Drummond had engaged in a sexual relationship with a student, R.G., who was then a senior at TCCHS. Administrators interviewed students they believed to have knowledge of the relationship, including R.G. herself. R.G. initially denied the allegations, but subsequently confirmed them. School officials then reported the matter to the Kentucky State Police, who began an investigation of their own. Eventually, a former TCCHS student, A.S., would come forward to allege that she, too, had engaged in sexual behavior with Drummond while she attended the high school.

Drummond was suspended with pay while law enforcement officials investigated the incident involving R.G. and pursued

criminal charges.[1] Following a jury trial, Drummond was acquitted and returned to a teaching position in March 2007, though not at TCCHS. The school board's superintendent, Mike Kenner, subsequently fired Drummond. The determination letter dated July 3, 2007, indicated the basis of the discharge was that, "[Drummond] had inappropriate sexual relationships with at least two students or former students at Todd County Central High School while an employee and during the time these individuals were enrolled as students in the Todd County School."

Drummond chose to contest his dismissal, and a tribunal convened according to the mandates of Kentucky Revised Statute (KRS) 161.790(4). The hearing officer scheduled the hearing for September 5, 2007, through September 7, 2007. Then, following Drummond's motion for additional time to present evidence, the hearing officer ruled that the presentation of evidence could continue until September 8, 2007, if necessary. The hearing officer also limited each party to eleven hours in which to present their respective cases-in-chief and to conduct cross-examination.

The hearing officer instructed the tribunal members that they were required to decide whether Drummond had engaged in inappropriate sexual relationships with the two TCCHS students, R.G. and A.S., and, if so, whether that constituted conduct unbecoming a teacher.[2] After receiving evidence, the tribunal returned its decision on September 8, 2007,[3] answering both questions in the affirmative, and terminated Drummond's employment. The hearing officer entered a final order on September 18, 2007. On appeal to the circuit court, the hearing officer's final order was affirmed in its entirety. Drummond takes this appeal from the circuit court's order.

## II. *Issues*

Now, as before the circuit court, Drummond raises a host of alleged errors com-

---

1. We are not certain what criminal charge or charges Drummond faced. The school board refers to the charge as "statutory rape," while Drummond himself does not identify the charge at all. Based upon the circumstances of this case, however, we assume he was acquitted of Rape in the Third Degree, as codified by Kentucky Revised Statutes (KRS) 510.060(1)(d). That statute provides, "A person is guilty of rape in the third degree when ... [b]eing a person in a position of authority or position of special trust, as defined in KRS 532.045, he or she engages in sexual intercourse with a minor under sixteen (16) years old with whom he or she comes into contact as a result of that position[.]" KRS 510.060(1)(d). KRS 532.045, in turn, includes teachers in the list of persons in a "position of authority." Whatever the actual charge, the parties seem to agree that the factual question before the jury was whether Drummond had had sex with R.G. before she turned sixteen years old.

2. We recognize that whether a teacher challenging a disciplinary action engaged in "conduct unbecoming a teacher" is a mixed question of fact and law. To support the discharge of a tenured teacher, the evidence must be sufficient to convince the tribunal, as a matter of fact, that the teacher engaged in improper behavior. As a matter of law, the evidence must demonstrate such a nexus between the teacher's misbehavior and the employment that it implicates "the legitimate interests of the government in protecting the school community and the students from harm." *Board of Education of Hopkins County v. Wood*, 717 S.W.2d 837, 840 (Ky. 1986) (citing *Weissman v. Board of Education of Jefferson County School District*, 190 Colo. 414, 547 P.2d 1267 (1976)). Drummond has never challenged the nexus between the behavior alleged and his employment as a teacher, so the question before the tribunal was purely factual. We will review the tribunal's decision accordingly.

3. The form on which the tribunal revealed its factual determinations was signed and dated September 8, 2007, but not stamped "Received" by "Education Legal & Legislative Services" until September 12, 2007.

mitted at the administrative level. He has presented a daunting assemblage of thirteen arguments[4] supported by an appendix containing eighty-five items. As a result, we must do some housekeeping before addressing the substance of the issues. Drummond's issues fall naturally into three categories. They are: (1) challenges to the sufficiency of the evidence; (2) issues regarding the admissibility of evidence; (3) and matters of procedure.

■ We further note that in some portions of his brief, Drummond has raised issues which are vague, general claims of error. We can address only those issues Drummond has raised with specificity and for which he has directed our attention to the record. Our review of his arguments will be limited accordingly.[5]

Finally, we note that many of Drummond's supposedly distinct arguments are actually repetitions of previous arguments, though couched in different terms. We decline to address the same issue more than once.

## III. *Analysis*

With these guidelines in mind, we will consider Drummond's arguments regarding the sufficiency of the evidence first. Then we will consider arguments relating to the exclusion of certain evidence, breaking those arguments into their separate sub-categories. Finally, we will address Drummond's procedural arguments.

4. Drummond has included thirteen "ARGUMENT" headings in his brief, but many of those arguments contain more than one alleged error. The total number of actual arguments is much greater than thirteen.

5. Perhaps the most obvious of the arguments this will exclude is ARGUMENT XII, in which Drummond asserts generally that he was denied the opportunity to fully cross-examine A.S. and R.G. In this portion of his brief, Drummond has neither provided citations to the record, nor recounted specific rulings of

## A. Sufficiency of the evidence

Drummond contends the tribunal's decision was not based upon substantial evidence. The Board responds that the residuum rule, combined with the oft-repeated rule that a reviewing court is required to give deference to the fact-finder's determinations of witness credibility, requires that this Court affirm the factual determination if there was *any* competent evidence before the tribunal. Neither party is entirely correct.

■ In presiding over an administrative proceeding, the hearing officer is permitted to accept hearsay evidence which is reliable, but which would not be admissible in court. *See* KRS 13B.090(1). However, when the time comes to make a factual determination, the residuum rule requires the fact-finder to base a decision on only the competent evidence: "When the evidence is all in, it must be sifted and assorted. The competent separated from the incompetent, and out of the testimony there must come some reliable and substantial evidence, as understood by the common-law rules of evidence upon which a verdict must rest." *Cabe v. City of Campbellsville*, 385 S.W.2d 51, 54 (Ky. 1964) (quoting *Valentine v. Weaver*, 191 Ky. 37, 228 S.W. 1036, 1038 (1921)). That means we will affirm a finding of fact only if the competent evidence before the tribunal constitutes *substantial* evidence.

the hearing officer. Given the failure of ARGUMENT XII to comply with the requirements of Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(v), we are entitled to strike the offending portions of Drummond's appellate brief. *See* CR 76.12(8). We choose instead to review ARGUMENT XII for manifest injustice only. *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky.App.1990). Finding none, we turn to those arguments which do contain the appropriate references to the record.

■ In determining whether the competent evidence is substantial, the usual standards apply. "The test of substantiality of evidence is whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable [people]." *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky.1972) (citing *Blankenship v. Lloyd Blankenship Coal Company, Inc.*, 463 S.W.2d 62 (Ky. 1970)). While the reviewing court may disagree with a factual determination, it may not substitute its judgment for that of the fact-finding body. *Kentucky Board of Nursing v. Ward*, 890 S.W.2d 641, 642 (Ky.App.1994). Further, "[i]t is within the province of the fact-finder to determine the credibility of witnesses and the weight to be given the evidence." *Uninsured Employers' Fund v. Garland*, 805 S.W.2d 116, 118 (Ky.1991). This, indeed, places a high hurdle before Drummond on appellate review of the tribunal's findings of fact, but not nearly so high as the Board would set it.

For the purposes of this analysis, we will presume that certain of Drummond's arguments on appeal are true. More specifically, we will operate as if Drummond is correct that the hearing officer improperly admitted various items of evidence.[6] If we set that evidence in the "incompetent" category, for purposes of the sorting required by *Cabe, supra*, and nevertheless find the remaining competent evidence is substantial, then we need not address whether the evidence to which Drummond objects was properly admitted because the matter will be moot. If, on the other hand, we conclude the remaining competent evidence is not sufficient to uphold the factual conclu-

sion of the tribunal, it will be necessary that we analyze each item of evidence purportedly admitted in error.

■ In the instant case, the conclusions of the tribunal were supported by competent substantial evidence, not the least of which was the testimony of the two students who alleged Drummond had had inappropriate contact with them. R.G. testified that while she was a student, she and Drummond had sexual intercourse in his classroom, in the school's annex building, and at his home. Drummond argues that the believability of much of her testimony was abated by seemingly contradictory evidence revealed during cross-examination and by evidence Drummond presented during his case-in-chief. Perhaps this is so; however, the tribunal was entitled to believe the testimony R.G. presented without equivocation at the hearing.

A.S., too, testified in no uncertain terms that she had performed oral sex on Drummond twice while she was a student and that the two had also flirted and kissed on many occasions. Even in the face of evidence which contradicted portions of A.S.'s testimony, such contradictory evidence was not so strong as to render the school board's evidence less than substantial.

There was other competent evidence which supported the conclusion of the tribunal as well. School administrators testified about R.G.'s demeanor during two interviews; they said she was nervous, shaken, and upset while confessing to the relationship with Drummond. A third student provided testimony which supported the conclusion that R.G. had not recently fabricated her story, but rather, had dis-

6. To be clear, we intend to proceed as if all of Drummond's arguments regarding the inclusion of inadmissible evidence are valid arguments. This includes the content of various statements made by TCCHS students to school administrators, photographs of the classroom in which Drummond taught, and various other evidence which Drummond argues was either irrelevant and prejudicial or inadmissible hearsay.

closed the relationship with Drummond several months before it was brought to the attention of school officials. Taken together, this evidence was sufficient to support the conclusion that Drummond had engaged in inappropriate sexual behavior with his students.

Applying the residuum rule in the context of our standard of review, it is not necessary to address the items which Drummond claims were admitted in error.

## B. Remaining evidentiary issues[7]

We turn now to the items of evidence which Drummond claims the hearing officer improperly excluded.

■ KRS Chapter 13B grants hearing officers considerable discretion in the admission and exclusion of evidence. *See* KRS 13B.090(1). Accordingly, we will reverse a hearing officer's evidentiary rulings only for an abuse of discretion. *See Goodyear Tire and Rubber Company v. Thompson*, 11 S.W.3d 575, 577 (Ky.2000) (citations omitted).

### 1. Drummond's criminal acquittal

■ Drummond complains that the hearing officer denied his request to present evidence he had been acquitted of criminal charges involving R.G. Drummond believes the denial was especially egregious because the school board was permitted to present testimony through a social worker that R.G.'s claim of sexual abuse was "substantiated." We find the hearing officer's ruling proper.

Irrelevant evidence must be excluded. *See* KRE 402. Even relevant evidence may be excluded if its potential to cause confusion outweighs its probative value.

KRE 403. In the instant case, evidence of Drummond's criminal acquittal was both irrelevant and potentially confusing to the tribunal.

■ First, the acquittal was irrelevant because there were different standards of proof at the criminal trial and at the administrative hearing. *See Shatz v. American Surety Company of New York*, 295 S.W.2d 809, 814 (Ky.1955). To support a criminal conviction, the Commonwealth was required to prove beyond a reasonable doubt that Drummond had committed the crime alleged. *Id.* Before the tribunal, however, the school board was required to demonstrate that an inappropriate relationship had occurred only by a preponderance of the evidence. *See Fankhauser v. Cobb*, 163 S.W.3d 389, 403–04 (Ky.2005).

■ Second, the factual inquiries before the jury in the criminal trial differed from those presented to the tribunal in the administrative hearing. The jury was required to determine whether Drummond had engaged in sexual activity with R.G. before she reached sixteen years of age. The inquiry before the tribunal, on the other hand, was whether Drummond had engaged in sexual activity with R.G. while she was a student. R.G. turned sixteen during her sophomore year at TCCHS, and remained enrolled there until she graduated. It was possible for the tribunal to disbelieve R.G.'s contention that the sexual relationship had begun before she turned sixteen, while at the same time believing there had been a sexual relationship while R.G. was a student. Drummond's acquittal on criminal charges simply had no bearing on the factual determination before the tribunal.

7. In a prehearing order dated July 27, 2007, the hearing officer informed the parties that the Kentucky Rules of Evidence (KRE) would govern admissibility determinations. While it was not necessary that he so confine the evidence, it was a permissible way for the hearing officer to ensure that competent evidence was presented to the tribunal.

Even if the social worker's testimony, that R.G.'s claim had been substantiated, was improperly admitted, that would not make it proper for the hearing officer to admit evidence of an acquittal which was irrelevant and which would likely cause confusion among the members of the tribunal. The hearing officer properly excluded the judgment of acquittal, and the circuit court was correct to affirm the exclusion.

### 2. Drummond's personnel file

 Drummond also asserts the hearing officer erroneously denied his motion to enter his personnel file into the record. Our review reveals, however, that Drummond *was* permitted to put portions of his personnel file into the record. Exhibit 18 consists of several documents from Drummond's personnel file which show he was given leadership roles in addition to his teaching duties and that he received positive performance evaluations.

The hearing officer admitted these documents for tribunal members to consider, not to determine whether Drummond had behaved inappropriately with R.G. and A.S., but to assist the tribunal in determining the appropriate sanction. The hearing officer properly ruled that none of the evidence Drummond wished to present from his personnel file was relevant to the issue of sexual misconduct. There was no error.

### 3. DNA evidence

 Drummond contends the hearing officer improperly prevented him from asking R.G. whether any DNA evidence had been found on certain items of her clothing. As the hearing officer and counsel for the school board pointed out, however, R.G. is not the proper witness for the introduction of DNA evidence. This is true for a number of reasons, perhaps the most obvious of which is the lack of evidence that R.G. is a lab technician or has any scientific training; it is therefore not likely that she would qualify to testify about scientific evidence. *See Fugate v. Commonwealth,* 993 S.W.2d 931, 935–36 (Ky.1999). There was no error on this matter.

### C. Procedural issues

What remains of Drummond's reviewable arguments raise procedural issues. Drummond has characterized some of these arguments as evidentiary. However, we believe they are more properly categorized as procedural.

### 1. Limitation of time to present evidence

 Drummond argues that the hearing officer deprived him of due process by limiting each party's time to present evidence to eleven hours and allowing only three days for the presentation of evidence. This allocation applied to both cross-examination of witnesses and presentation of the parties' cases-in-chief. As a result of this restriction, claims Drummond, he was not able to present all the evidence he wished.

 The most basic due process rights are notice and the opportunity to be heard. *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (U.S.1914). Depending upon the nature of the liberty or property interest at stake, a party may also be entitled to call witnesses and present other evidence, to confront adverse witnesses, and to be represented by counsel. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

KRS Chapter 13B places control of a hearing with the hearing officer: "To the extent necessary for the full disclosure of all relevant facts and issues, the hearing officer shall afford all parties the opportu-

nity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence, except as restricted by limited grant of intervention or a prehearing order." KRS 13B.080(4). This does not give the parties the right to call an unlimited number of witnesses; rather, it is a matter within the hearing officer's discretion to determine "the extent necessary for the full disclosure of all relevant facts and issues[.]"

At any rate, Drummond was permitted to conduct extensive cross-examination of the school board's witnesses and to call six witnesses of his own. This allowed Drummond to present his own account of the relevant events, testimony of Drummond's wife regarding various facts which she believed demonstrated that the students' allegations were untrue, and statements by witnesses who had worked extensively with Drummond but had never observed anything which would confirm allegations of inappropriate relationships. This constituted ample opportunity for Drummond to present his case and point out the flaws in the school board's evidence. There was no denial of Drummond's right to due process.

## 2. Motion for mistrial

■ The hearing officer denied his motion for a mistrial. Drummond argues his motion should have been granted because the superintendent was allowed to present testimony which was inadmissible and which likely prejudiced the tribunal. The offending testimony was of the investigation Superintendent Kenner conducted which led to his decision to fire Drummond. At the hearing, Kenner informed the tribunal of the contents of various statements he reviewed by students who did not testify at the hearing. Drummond believes this hearsay evidence was highly prejudicial.

In his brief, however, Drummond failed to cite any legal authority in support of this argument. "Our courts have established that an alleged error may be deemed waived where an appellant fails to cite any authority in support of the issues and arguments advanced on appeal." *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky.App.2005) (citation omitted).

■ Even if Drummond had not waived this argument, we would affirm. Although procedural and fact-finding duties are divided between the hearing officer and the tribunal, respectively, KRS 161.790(6), the residuum rule is no less applicable. The introduction of incompetent evidence does not warrant reversal of a factual determination, provided the tribunal's ruling is supported by competent substantial evidence. *Cabe*, 385 S.W.2d at 54. Under such circumstances, a mistrial was not justified.

## 3. Telephonic testimony

■ Drummond also asserts as error the hearing officer's refusal to permit Bruce Gray, former superintendent of the Todd County School District, to testify by telephone. Drummond is correct that telephonic testimony is frequently acceptable in hearings conducted pursuant to KRS Chapter 13B: "A hearing officer may conduct all or part of an administrative hearing, or a prehearing conference, by telephone, television, or other electronic means, if each party to the hearing has an opportunity to hear, and, if technically feasible, to see the entire proceeding as it occurs, *and if each party agrees*." KRS 13B.080(7) (emphasis added). The school board did not agree to the telephonic testimony. Therefore, not only was the denial of telephonic testimony proper, the grant of Drummond's request without the school

**326**

board's agreement would have violated KRS 13B.080(7).

### 4. Evidence by avowal

Finally, Drummond argues that he was not permitted to submit evidence on avowal which the hearing officer deemed inadmissible. In particular, Drummond wished to place into the record by avowal evidence of his criminal acquittal and certain "prior bad acts" of Superintendent Kenner.

KRE 103 provides,

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and ... [i]f the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

KRE 103(a)(2). Making the substance of the evidence known to the court is commonly referred to as an offer of proof.

> The purpose of the offer of proof is to disclose the nature of offered evidence to which the objection is interposed not only for the information of the trial judge in the hope that the court will correct its alleged error but also to enable the reviewing court to determine whether the exclusion was erroneous and if so whether it affected a substantial right.

Robert G. Lawson, *The Kentucky Evidence Law Handbook*, § 1.10[3](a), p. 31 (LexisNexis 2003) (quoting Graham, Handbook of Federal Evidence, & set; 103.2 (4th ed.1996)). To properly preserve an evidentiary issue, the proffer can come from counsel, and need not come directly from witness testimony. *Id.* (4th ed. Supp.2009).

█ Review of the record reveals the hearing officer did permit Drummond to proffer both his acquittal and Superintendent Kenner's so-called "prior bad acts." While the judgment of acquittal itself was not placed in the record,[8] the hearing officer did accept "on avowal" Exhibit 34. That exhibit is a document in which the Cabinet for Health and Family Services acknowledges Drummond's criminal acquittal. By placing this document in the record, Drummond made known to the hearing officer the substance of the evidence he wished to admit. KRE 103(a)(2). Likewise, in an order dated August 31, 2007, the hearing officer accepted the statement of Drummond's counsel regarding the superintendent's "prior bad acts" as a proffer of that evidence. While Drummond may have preferred to take testimony on avowal regarding the acquittal and Kenner's objectionable behavior, he was not entitled to more than the hearing officer permitted.

### IV. Conclusions

Finding all claims of procedural or evidentiary irregularities either nonexistent, improperly presented to this Court, or cured by the residuum rule, and concluding that substantial competent evidence supported the tribunal's findings of fact, we hereby affirm the January 29, 2009 order of the Todd Circuit Court affirming the administrative termination of Drummond's employment.

ALL CONCUR.

---

**8.** It is unclear if Drummond presented the actual judgment of acquittal to the hearing officer.