Kathy JONES, Appellant,

v.

BOARD OF EDUCATION OF LAUREL COUNTY, Kentucky; and David Young, in his Official Capacity as Superintendent of the Laurel County Schools, Appellees.

No. 2007–CA–002598–MR.

Court of Appeals of Kentucky.

Oct. 31, 2008.

Discretionary Review Denied by Supreme Court Oct. 21, 2009.

J. Follace Fields, Carrie C. Mullins, Lexington, KY, for appellant.

Larry G. Bryson, London, KY, for appellees.

Before ACREE and VANMETER, Judges; HENRY,[1] Senior Judge.

## OPINION

ACREE, Judge.

Kathy Jones appeals from an Opinion and Order of the Laurel Circuit Court granting summary judgment in favor of the Appellees, David Young, Superintendent of the Laurel County Schools, and the Laurel County Board of Education. We affirm.

Jones was hired by the Laurel County Board of Education for the 2001–02 school year. For the next three years she worked in the Headstart Program. During the 2004–05 school year, she taught preschool at Hunter Hill Elementary School. On April 26, 2005, Jones was notified that her teaching contract would not be renewed the following year. The Laurel County School System changed the preschool program from full day to half-day. Seven other preschool teachers' contracts were not renewed. Jones applied for and received unemployment compensation. Jones was interviewed for several teaching positions in the Laurel County School System, but was not hired.

On September 26, 2005, Jones was hired as a substitute within the Laurel County School System. During the 2005–06 school year, she substituted for two different teachers and worked for over 140 days. During that time, Jones applied for teaching positions, but was not hired. In May 2006, Jones again applied for and received unemployment compensation benefits.

Jones filed this action alleging she was denied a continuing service contract in violation of KRS 161.740. Upon motions for summary judgment by both parties, the trial court found Jones did not meet the specific requirements of KRS 161.740 because she was not "currently employed" by the school system when she was rehired as a substitute teacher. Summary judgment was entered in favor of the Appellees. This appeal followed.

■■■ In reviewing a summary judgment, we must determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Our review is *de novo* since we analyze solely questions of law rather than of fact. *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky. App.2000). We must view the record in a light most favorable to the party opposing summary judgment, and all doubts are to be resolved in favor of that party adversely affected. *Steelvest, Inc. v. Scansteel Ser. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate only when "it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Id.* The issue of impossibility is viewed in a practical sense—not an absolute one. *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky.1992).

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

■ Jones argues that the trial court erroneously construed the phrase "currently employed" contained in KRS 161.740, leading it to a conclusion contrary to the legislative intent behind the statute. We disagree.

KRS 161.740(1)(b) mandates that "[w]hen a currently employed teacher is reemployed by the superintendent after teaching four (4) consecutive years in the same district ... the superintendent shall issue a written continuing contract if the teacher assumes his duties[.]" Jones clearly was employed by the superintendent for four (4) consecutive years. It is equally clear that the superintendent notified Jones that her employment would not continue for a fifth year, thereby ending her then-current employment by the superintendent. Her employment with the district thus ended. She was subsequently employed in a different capacity—as a substitute teacher. Therefore, Jones was not currently employed when the offer of employment as a substitute teacher was extended. The statute does not apply.

Nevertheless, Jones claims her circumstances do satisfy the statutory requirement that she was "currently employed[,]" then "reemployed." As support, she cites a 1972 opinion from the Office of the Attorney General of Kentucky. Ky. OAG 72–664. In the circumstances of that opinion, a teacher who was employed under a limited contract completed her fourth continuous year in the same district. The teacher was asked to resign at the end of her fourth year by the superintendent and was assured that in doing so she would be rehired on a limited contract for her fifth year. She did so and was rehired under a limited contract as promised.

The Attorney General opined that the teacher had acquired tenure under KRS 161.740 despite the superintendent's attempt to thwart the mandatory requirements of the statute. We believe the facts here are distinguishable. Notably, as the trial court pointed out, the superintendent's actions in the case *sub judice* "do not evidence an attempt by the School to evade the statute."

Jones' contract was not renewed because changes in the curriculum of the Laurel County School System necessitated the elimination of several teaching positions. Jones was never given any indication by her school or the superintendent that she would be rehired for the 2005–06 school year. One month after the school year started, a substitute teaching position opened at the school due to the unexpected illness of another teacher. Jones was hired to take the position as a substitute. Jones' substitute teacher position was temporary but, owing to the long-term nature of the teacher's illness, Jones continued in the substitute teacher position for some time. The pregnancy of another teacher allowed Jones to take a subsequent substitute teaching position replacing that teacher. The effect was that Jones was employed in different capacities for, in effect, the entire school year. At the end of that year, Jones was not offered a teaching position in the next year and chose to resign her substitute position so that she could collect unemployment benefits.

■ The Opinion of the Attorney General stated that "[a] superintendent cannot decide which teachers he wants to have a continuing service contract and which teachers he wants to deny such a contract." Ky. OAG 72–664. We believe this statement is consistent with the legislative intent behind KRS 161.740. However, we find it is the job of a superintendent to decide whether a non-tenured teacher will be reemployed the following year. Under the circumstances of this case, we cannot find an ulterior motive solely because the superintendent rehired a non-tenured

teacher to fill an unanticipated and temporary position after the school year began.

For the foregoing reasons, the judgment of the Laurel Circuit Court is affirmed.

ALL CONCUR.