RENDERED: FEBRUARY 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0295-MR

ANNA COMPTON                                                          APPELLANT

v.                   APPEAL FROM LETCHER CIRCUIT COURT
                     HONORABLE JAMES W. CRAFT, II, JUDGE
                     ACTION NO. 20-CI-00157

DAMIAN JOHNSON, IN HIS
OFFICIAL CAPACITY AS
SUPERINTENDENT; AND THE
BOARD OF EDUCATION OF
JENKINS INDEPENDENT SCHOOLS,
A BODY CORPORATE AND POLITIC                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND McNEILL, JUDGES.

CLAYTON, CHIEF JUDGE: Anna Compton appeals from the Letcher Circuit

Court's grant of summary judgment to Damian Johnson in his official capacity as

Superintendent of the Jenkins Independent Schools, and to the Board of Education

of Jenkins Independent Schools. Compton, a certified teacher, argues that she was entitled to receive tenure under Kentucky Revised Statutes (KRS) 161.740 when she was hired as a substitute teacher after teaching four consecutive years in the Jenkins Independent School District. The circuit court held that there was a break in Compton's service after her fourth year, which meant that she was not a currently employed teacher who was reemployed for a fifth year as required to qualify for tenure under the statute. Having reviewed the record and the applicable law, we affirm.

Compton was hired as a kindergarten teacher at Burdine Elementary School, in the Jenkins Independent School District, for the 2015-16 school year. She was rehired in the same position for the next three school years. Each year of her employment was governed by a separate contract. At the end of the 2018-19 school year, Compton received a notice of non-renewal of her employment from Michael Genton, who was then the district superintendent. This notice was in compliance with KRS 161.750(2), which requires the superintendent to notify teachers by May 15 if their contracts are not being renewed. The notice, dated May 6, 2019, informed Compton that her employment contract was not being renewed after the 2018-19 school year.

On September 3, 2019, after the new school year had started, Genton hired Compton as a substitute teacher and in-school suspension facilitator at the

newly created "Learning Academy" at Jenkins Middle High School. Initially, no contract was issued for this substitute position. Later, Compton was hired for these positions on a full-time basis pursuant to a contract of employment, dated September 19, 2019, and signed on September 23, 2019.

When Compton met with Genton to sign the contract, he told her that because her contract had not been renewed in the spring of 2019, she had experienced a break in service which prevented her from qualifying for teacher tenure, and consequently she would be starting back at year one towards attaining tenure. He told her she must sign a letter entitled "Break in Service Acknowledgement" if she wanted the full-time position at the Learning Academy. The letter stated in part as follows:

> This is written to inform you and for your acknowledgement of a break in service. You did have a break in service after being non-renewed in May of 2019. Because of this break in service[,] this year will be the beginning of your years of service for gaining tenure. Effectively, this is year one counting towards tenure. By signing this you acknowledge the break in service and understand this year will be year one on your years of service towards seeking tenure.

According to Compton, she signed only to acknowledge she had received the letter, although she did not agree with its contents and did not intend to waive her right to tenure. She claims Genton told her he could award her tenure the following spring if he felt she "deserved it." Compton hoped he would do so

after the spring 2020 semester, but Genton resigned in May 2020. Sherry Wright, the interim superintendent who replaced Genton, issued Compton a notice of non-renewal, dated May 14, 2020.

In July 2020, Compton filed a declaratory judgment action in Letcher Circuit Court against the current superintendent, Damian Johnson, in his official capacity, and the Board of Education of Jenkins Independent Schools. She alleged that the defendants had violated her contractual rights by failing to issue her a continuing contract as required by statute and that their actions were arbitrary and capricious. The appellees filed an answer and a motion to dismiss, or in the alternative, a motion for summary judgment. Compton filed a response as well as a motion for declaratory judgment and supplemental reply. Following oral arguments, the circuit court adopted the appellees' proffered findings of fact and conclusions of law, granted their motion for summary judgment, and denied Compton's motion for declaratory judgment. This appeal by Compton followed.

In reviewing a grant of summary judgment, we focus on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); Kentucky Rules of Civil Procedure (CR) 56.03. The trial court is required to view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts

-4-

are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). On the other hand, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

This case requires us to interpret the statutes which govern teacher tenure. *See* KRS 161.720 *et seq*. In doing so, our "ultimate goal . . . is to give effect to the intent of the General Assembly." *Kentucky Authority for Educational Television v. Estate of Wise*, 614 S.W.3d 506, 510 (Ky. App. 2020) (citation omitted). "The primary rule is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be had first to the words, which are decisive if they are clear. The words of the statute are to be given their usual, ordinary, and everyday meaning." *Id*. (citation omitted).

Teachers' tenure is referred to in the statutes as "continuing service status." KRS 161.720(4), (5); KRS 161.740. A continuing service contract is defined as "a contract for the employment of a teacher which shall remain in full

force and effect until . . . [t]he teacher resigns or retires; . . . [t]he contract is terminated or suspended as provided in KRS 161.790 and 161.800; or . . . the teacher begins employment in a district-level administrative position . . . ." KRS 161.720(4).

The statutes provide that "[a]ny teacher employed under a limited contract may be reemployed under the provisions of KRS 161.720 to 161.810 for the succeeding school year . . . upon notification of the board by the superintendent of schools that the contract of the teacher is renewed." KRS 161.750(1). If the superintendent does not renew the contract, the superintendent is required to "present written notice to the teacher that the contract will not be renewed no later than May 15 of the school year during which the contract is in effect." KRS 161.750(2). Upon receipt of a request by the teacher, the superintendent must "provide a written statement containing the specific, detailed, and complete statement of grounds upon which the nonrenewal of contract is based." *Id.*

The key provision at issue in this case is found in KRS 161.740. It requires a superintendent to issue a continuing service contract, *i.e.*, grant tenure, "[w]hen a currently employed teacher is reemployed by the superintendent after teaching four (4) consecutive years in the same district, or after teaching four (4) years which shall fall within a period not to exceed six (6) years in the same district, the year of present employment included[.]" KRS 161.740(1)(b).

The circuit court held that Compton was not entitled to a continuing service contract in September 2019 because 1) she was not "reemployed" from her fourth year to her fifth year as required by the statute; and 2) she was not a "currently employed teacher" under contract in a position requiring certification when she assumed her duties as a full-time teacher at Jenkins Middle School in September 2019.

The circuit court's reasoning is fully in accordance with *Jones v. Board of Education of Laurel County*, 295 S.W.3d 120 (Ky. App. 2008), a case involving almost identical facts. Jones was hired as a teacher by the Laurel County Board of Education for the 2001-02 school year. For the next three years she worked in the Headstart Program. During the 2004-05 school year, she taught preschool at an elementary school. On April 26, 2005, she was notified that her teaching contract would not be renewed for the following year. Then, on September 26, 2005, she was hired as a substitute teacher in the same school system. She was not rehired for the 2006-07 school year. A panel of this Court held that she was not entitled to a continuing service contract, stating: "Jones clearly was employed by the superintendent for four (4) consecutive years. It is equally clear that the superintendent notified Jones that her employment would not continue for a fifth year, thereby ending her then-current employment by the superintendent. Her employment with the district thus ended. She was

subsequently employed in a different capacity – as a substitute teacher. Therefore, Jones was not currently employed when the offer of employment as a substitute teacher was extended. The statute [KRS 161.750(2)] does not apply." *Jones*, 295 S.W.3d at 122.

Similarly, Compton was not "reemployed" after the 2018-19 school year as signified by her receipt of a timely notice of non-renewal, in compliance with KRS 161.750(2). Her employment with the district ended when her limited contract ended at the end of June 2019. She was not reemployed by the district on July 1, 2019, which is the start of the 2019-20 academic calendar year.

Furthermore, she was not "currently employed" for purposes of KRS 161.740 when the contract to work as a substitute teacher and in-school suspension facilitator at Jenkins Middle High School was offered after the beginning of the 2019-20 school year. Compton's work as a substitute teacher without a contract at the beginning of September does not qualify as current employment so as to render the subsequent offer of a contract for that position "reemployment." Under the plain language of KRS 161.750(1), which states that "[a]ny teacher employed under a limited contract . . . may be reemployed . . . for the succeeding school year[,]" reemployment refers to the renewal of a limited contract. KRS 161.740 "must be read as a whole and in context with other parts of the law." *Richardson v. Louisville/Jefferson County Metro Government*, 260 S.W.3d 777, 779 (Ky.

2008).  To qualify for tenure under KRS 161.740, a teacher must be reemployed for the succeeding school year by virtue of having his or her limited contract renewed.

Compton argues that this interpretation of the teacher tenure statutes runs counter to the intent of the legislature "to promote good order in the school system by preventing the arbitrary removal of capable and experienced teachers by political or personal whim." *Board of Educ. of Hopkins County v. Wood*, 717 S.W.2d 837, 839 (Ky. 1986).  Compton did not request a written statement from Genton, as provided in KRS 161.750(2), stating the grounds upon which the nonrenewal of her contract was based.  There is no evidence that Compton was arbitrarily denied employment on political or personal grounds.  Compton's argument that the circuit court's interpretation allows school districts to circumvent and subvert the clear purpose of the tenure statute by non-renewing and then re-employing teachers indefinitely should be addressed to the legislature because we are not at liberty to ignore the plain meaning of the statutory language.

Compton also relies on several opinions of the Attorney General which she claims support her interpretation of the pertinent statutes.  The opinions of the Attorney General, while persuasive, are not binding judicial precedent. *Department of Kentucky State Police v. Trageser*, 600 S.W.3d 749, 753 (Ky. App. 2020).  Our review of these opinions has not changed our view of the pertinent

statutes. In OAG 76-282, a teacher was employed for four consecutive years, for one year as a substitute teacher, one year as both a substitute and then as a regular teacher, and two years as a regular teacher. The OAG held that the teacher's service as a substitute teacher could be used to qualify for tenure because it met the statutory definition of a teacher for purposes of tenure. This does not alter our determination that Compton's employment as a substitute teacher without a contract after the commencement of the 2019-20 school year did not render her eligible for "reemployment" when she was subsequently offered a contract.

In OAG 72-664, a teacher had just finished her fourth continuous year of limited contracts. She was asked to resign at the end of her fourth year but was assured she would be rehired on a limited contract for her fifth year. The teacher resigned and was rehired for her fifth limited contract as promised. The Attorney General concluded that she was entitled to acquire tenure, stating: "A superintendent can not use any device to defeat a teacher from acquiring a continuing service contract after she has taught four years in a district and is reemployed for the fifth year." But Compton was not promised that she would be rehired after her fourth year; indeed, she was formally notified that she would not be rehired. Furthermore, when she was hired in September 2019, it was as a substitute teacher without a contract.

Because the circuit court did not err in granting summary judgment to the appellees, Compton's additional arguments concerning sovereign and governmental immunity are moot.

For the foregoing reasons, the Letcher Circuit Court's findings of fact, conclusions of law, and judgment are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Follace Fields II
Lexington, Kentucky

BRIEF FOR APPELLEES:

Melissa Thompson Richardson
John N. Evans
Lexington, Kentucky

Timothy Crawford
Corbin, Kentucky